## HENRY STEWART v. HEIDENHEIMER BROS.

(Case No. 1113.)

1. ATTACHMENT — VARIANCE.— An affidavit for attachment stated the amount of the debt, which was three dollars less than the amount stated in the petition, which was not verified by affidavit; the amount stated in the affidavit corresponded with the amount stated in the writ which was issued. *Held*, that the variance was not fatal.

2. APPEAL — AFFIDAVIT IN FORMA PAUPERIS.— Appellant made his affidavit before the county judge of the county in which judgment in the district court had been rendered against him, that he was unable to pay the costs which had accrued in the district court, and which might thereafter accrue in the supreme court in the prosecution of his appeal; the affidavit did not state an inability to pay any part of the costs less than the whole. This affidavit was, nine days after the term of the district court adjourned, filed in the district court. Six months thereafter, in a contest between the parties in the county court over the truth of the affidavit, it was adjudged that appellant had sufficient means to have given bond for costs. On motion to dismiss the appeal, *held,*

(1) The affidavit was sufficient.

(2) That the affidavit was made, and filed without notice, to the opposing party, constituted no cause for dismissing the appeal.

(3) The affidavit having been filed in ample time for a contest involving its truth to have been made before the time expired for perfecting the appeal, the contest should have begun at that time.

(4) An affidavit *in forma pauperis* that affiant is unable to pay the costs, etc., without adding "or any part thereof," is sufficient.

APPEAL from Henderson. Tried below before the Hon. A. J. Booty.

Article 1401 of the Revised Statutes provides, "Where the appellant or plaintiff in error is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but in order to do so, he shall be required to make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the

case, and shall consist of the affidavit of said party stating his inability to pay the costs, which affidavit may be contested by any officer of the court or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence, and to determine the right of the party under this act to his appeal."

Nine days after the adjournment of the term of the district court at which the judgment here appealed from was rendered, the appellant made his oath *in forma pauperis* as referred to in the opinion.

On November 18, 1881, counsel for appellees filed in the supreme court his motion to dismiss the appeal:

1. Because appellant did not give bond with security under the statute.

2. Because no notice was given to appellee, or officers of the court, of such affidavit; that the proceeding was *ex parte*, and not such as to authorize the appeal.

3. Because the affidavit was untrue, as shown by an exhibit attached to the motion.

The exhibit referred to was a certified transcript of a judgment of the county court of Rusk county, rendered September 21, 1881, more than six months after trial, and making of the oath of inability to give cost bond. The judgment shows that the parties to this cause appeared by attorneys, and adjudges that the affidavit made by Stewart was not true; that he had sufficient means to give bond for costs to perfect his appeal, and "that he take nothing by his affidavit heretofore made to perfect his appeal," etc.

A statement of the matters in controversy, or of the facts in evidence, is unnecessary in view of the opinion.

*Drury Field*, for appellant.

*N. G. Bagley*, for appellee.

GOULD, CHIEF JUSTICE.—This was an attachment suit on an account, and resulted in a judgment against the defendant Stewart, rendered at a term of the district court of Rusk county, ending February 12, 1881. On February 21, 1881, when eleven days yet remained during which his appeal might be perfected, Stewart made affidavit before the county judge of Rusk county that he was unable to pay the costs which had accrued in the district court, and which might thereafter accrue in that and the supreme court in the prosecution of his appeal. The county judge in attesting this affidavit added: "and I hereby certify that said Henry Stewart has proved before me his inability to pay the costs above mentioned;" and the affidavit with this certificate was on the same day filed by the district clerk. So far as the record shows, no steps were taken by the appellees, or officers of court, to contest this affidavit. In this court, however, appellees move to dismiss the appeal, one ground being that the action of the county judge was *ex parte*, without notice to any of the parties at interest, and was therefore ineffectual to perfect the appeal. Another ground alleged is, that the affidavit is not true, and, in support of this, exhibit is made of certain proceedings in the county court of Rusk county, on September 21, 1881, instituted to contest said affidavit, and in which, after notice to appellant, it was adjudged that he had sufficient means to have given bond for costs.

It has heretofore been said by this court that the language of the statute "is certainly neither very clear nor definite." Woolridge *v.* Roller, 52 Tex., 451. The result is that the practice under it has been far from uniform. In some cases parties intending to make the affidavit have given notice in advance, and the contest has either been waived, or had before the county judge, or the court trying the case, at the time the affidavit is made. This seems to us a fair and liberal practice, and it would also

be so to give notice at the time the affidavit is filed, so that the contest may be then inaugurated. We find, however, no warrant in the statute for requiring such notice at either period. The statute proceeds apparently on the idea that appellees, by proper diligence, may ascertain when the affidavit is filed, and perhaps on the further idea that the district clerk, with whom the affidavit is filed, is directly interested in the costs, and is at liberty to institute the contest. The appellant who files the proper affidavit, as was done in this case, in ample time to allow it to be thereafter contested within twenty days after the expiration of the term, has done, we think, what the law requires of him to perfect his appeal, unless in due time the affidavit be contested. That the affidavit was taken and filed without notice to appellants, constitutes no valid reason for dismissing the appeal.

In this case the affidavit was filed in ample time for the contest to have been had within the period allowed by law for perfecting an appeal, and our opinion is that the contest should have been inaugurated within that period. Certainly the statute never contemplated an indefinite extension of the time within which the contest might be commenced.

The policy of the law has fixed twenty days after the expiration of the term at which a judgment is rendered as the period, at the end of which, the question of appeal *vel non* is no longer open, and a departure from that policy would lead to uncertainty as to the term of this court to which the appeal is returnable. In default of any other limitation we think this a sufficient reason for requiring the contest to be inaugurated and terminated within the twenty days, when the affidavit is filed in time to make this practicable by the use of reasonable diligence. The attempted contest in this was seven months after the affidavit was filed, and was too late.

Counsel for appellee suggest in argument that the affi-

davit is defective in that it only states the party's inability to pay the costs, without adding "or any part thereof." Although there is an instruction in the opinion in Wool-ridge v. Roller, 52 Tex., 451, that the affidavit should include this clause, the question came directly up in the subsequent unreported case of Wood v. Messer (Tyler term, 1880), and in an oral opinion by Chief Justice Moore an affidavit not containing this clause was supported. We regard the question as no longer open.

The motion to dismiss is overruled.

In regard to the principal case, we remark that appellant's brief is defective in various particulars, and especially in the absence of such statements under the propositions as would enable us to dispose of the case without examining the transcript. We have, however, given the case a sufficient examination to satisfy ourselves that the judgment should be affirmed.

Although the petition was not sworn to, and although the affidavit for attachment states the amount of plaintiffs' demand at a sum three dollars less than that stated in the petition, but corresponding to the sum for which the writ issued, our opinion is that neither for these reasons, nor for any other set up in the motion, should the court have sustained the motion to set the attachment aside.

The objections to evidence are none of them of a character requiring special notice. The main issues of fact were settled by the jury, and, the evidence being conflicting, their verdict will not be disturbed.

The judgment is affirmed.

AFFIRMED.

[Opinion delivered November 22, 1881.]