Opinion by
Willson, J.
§ 37. Motion to dismiss appeal; rules 8 and 9 of the supreme court. Appellee moved to dismiss this appeal because the affidavit made in lieu of an apppeal bond was not in compliance with the law. Appellant resisted the motion upon the ground that it came too late; that it should have been filed on or before the second day of the second assignment, but was not filed until several days thereafter, and in support of this position he cited rule 8 of the supreme court. Held: Rule 8 does not apply to this motion, because the ground of this motion is not an informality, and is not such an objection as can be waived. If the affidavit is not in substantial compliance with the statute, it cannot give this court jurisdiction of the appeal, and want of jurisdiction is fatal at any time, and cannot be cured by waiver, or consent of the parties. Rule 9 is the rule applicable to this motion, and under that rule the motion may be entertained at any time after notice given to the adverse party.
§ 38. Appeal; affidavit in lieu of bond. Article 1401, Rev. Stats., provides: “Where the appellant or plaintiff in error is unable to pay the costs of appeal or give security therefor, he shall nevertheless be entitled to prosecute his appeal; but in order to do so, he shall be required to *39 make strict proof of his inability to pay the costs, or any part thereof. Such proof shall be made before the county judge of the county where such party resides, or before the court trying the,case, and shall consist of the affidavit of said party, stating his inability to pay the costs, which affidavit may be contested by any officer of the court, or party to the suit, whereupon it shall be the duty of the court trying the case, if in session, or the county judge of the county in which the suit is pending, to hear evidence and to determine the right of the party under this act to his appeal.” In this case the affidavit was made before the county clerk, and it is not shown by the record that proof of appellant’s -inability to pay the costs or to give security therefor was made before the county judge. Held, that the affidavit is not in compliance with the law, and the motion to dismiss the appeal is sustained. ‘ ‘ Where such an affidavit is made before some other officer than the county judge", it must be presented to the county judge, and he must certify that the facts required to be verified by the affidavit had been proved before him; and then the affidavit, and the certificate of the county judge, must be filed with the clerk of the court in which the case is tried, in time to perfect the appeal.” [Wooldridge v. Roller, 52 Tex. 447.]
October 31, 1883.
§ 39. Same; form of. It is not required that the affidavit made in lieu of an appeal bond should state that the party making it is unable to pay “any part of-the costs.” It is sufficient if it states that he is unable to pay the costs of the appeal, and unable to give security therefor. [Stewart v. Heidenheimer Bros. 55 Tex. 644.]
§ 40. Jurisdiction; evidence in support of. Jurisdictional facts must be proved by the record or other competent evidence. The statements of counsel, not verified by affidavit, cannot be received to support the jurisdiction of this court.
Appeal dismissed.