BALL, HUTCHINGS & CO. v. E. M. COLLINS.

(Case No. 5938.)

1. PRACTICE—STATEMENT OF FACTS—The statute authorizes the district judge of his own motion to grant leave to file a statement of facts within ten days after the adjournment of the term. It is only in cases where it is desired to have his refusal to grant such leave reviewed in the supreme court that it is necessary that a written motion, asking leave to file a statement of facts within ten days after the term, should appear in the record of the case.

WILLIE, CHIEF JUSTICE. — The appellee moves to strike out the statement of facts because no written motion for leave to make out and file the statement after the adjournment of the court is found in the record. The order granting the leave was duly made by the judge and is found in the transcript, and the statement itself was filed within the time allowed by the order.

It is supposed that the decision in Blum v. Neilson, 59 Tex., 378, holds that an order of this kind will be of no avail if not granted upon written motion, but such is not the effect of that decision. In that

case, the order had been made at the proper term, but had not been entered of record.    At the next term it was entered *nunc pro tunc*, and the question was whether the court had power to make an order which should date back and take effect as of the previous term.    It was objected, among other things, that a correction of this kind could not be made unless some memorandum of the order sought to be entered *nunc pro tunc* had been presented at the time it was made.    After overruling this objection, the court laid down a rule for the guidance of the profession, to the effect that the order for time to file a statement of facts must be applied for in writing. There was no intimation that without a written application the order would be of no effect.

It was intended to point out to the profession how they should proceed, in case they wished, upon bill of exceptions, to have the refusal of the order below reviewed by this court. In all such cases it should appear that the application was made in writing, and we would not hold the district judge bound to grant the order upon a mere oral request. But when the order is granted, there is no necessity that this should appear to have been done in pursuance of a written application.    The statute allows the court of its own motion to authorize the statement of facts to be made up within ten days after adjournment of the term, and as its action when the order is granted cannot be revised here, it is a matter of no concern upon what kind of motion it was based, or that it was granted without any application whatever.    This has been held by us in a great many cases, but, as the decisions were oral, they may not have come to the knowledge generally of the profession. This opinion is put in writing so that there may be no reason for urging the same grounds for striking out a statement of facts in the future.    The motion is denied.

MOTION DENIED.

[Opinion delivered June 1, 1886.]