J. M. PROCTOR ET AL. v. SAN ANTONIO STREET RAILWAY COMPANY.

Decided April 10, 1901.

**1.—Appeal and Error—New Party—Successor to Corporation.**

Where an application for writ of error alleged that since the rendition of the judgment in the trial court the charter of the defendant street railway company was canceled by decree of court, and another corporation, naming it, had become its successor in all things, and had acquired its property and rights and assumed all its debts and liabilities, with prayer for citation against both such companies, such latter company was properly made a party to the writ of error, since it was the one in whose favor the judgment then stood.

**2.—Affidavit in Lieu of Bond—Notice.**

The statute does not require notice to be given of the filing of an affidavit of inability made in lieu of an appeal or writ of error bond.

**3.—Action for Debt—Pecuniary Interest in Life of Deceased.**

Where, in an action of damages for negligence causing the death of plaintiffs' father, an elderly man, the evidence showed that deceased was being supported by plaintiffs, and that he contributed nothing to their support, and did not work except a little that he chose to do in return for his victuals and clothes, and that if he had lived he would probably have been a charge on plaintiffs, it did not appear that plaintiffs had such a pecuniary interest in the life of deceased as would entitle them to recover.

**4.—Master and Servant—Warning Servant of Dangerous Work—Volunteer.**

Where deceased voluntarily undertook to assist his sons, who, as independent contractors, were engaged in removing cinders from defendant's yards, and while so assisting deceased struck a trolley wire overhead with a hoe he was using, and was killed by electricity, and his presence in the yard was not known

to defendant, defendant was not liable for his death because he had not been warned of the dangerous character of the work.

**5.—Same—Electric Wire—Failure to Insulate.**

A city ordinance declaring that no switch, lamp, motor, dynamo, or other electrical conductor, having exposed uninsulated parts, shall be erected where any person unacquainted with the dangers of the same could easily come in contact therewith, has no application to a trolley wire of a street car company suspended in its yards at a height such that it could be reached and touched by a man standing on the ground and using a hoe with a handle three or four feet long.

Error from Bexar.    Tried below before Hon. J. L. Camp.

*James Routledge,* for plaintiff in error.

*Houston Bros.,* for defendant in error.

### ON MOTION TO DISMISS.

FLY, ASSOCIATE JUSTICE.—Plaintiffs in error sued the San Antonio Street Railway Company for damages, and judgment going against them, sued out this writ of error to this court.    It was alleged in the application "that since the rendition of judgment in said cause the charter of the San Antonio Street Railway Company was canceled by decree of court, and the San Antonio Traction Company has become and is its successor in all things, and has acquired its property and rights and assumed the payment of all its debts, obligations and liabilities," and citation was asked against both companies.

The San Antonio Traction Company moves to dismiss the writ of error, because the San Antonio Street Railway Company, being defunct before the writ was perfected, could not have been a party to the proceeding in connection with the oath as to inability to give a writ of error bond; and because the San Antonio Traction Company was not a party to the suit in the lower court, and consequently was not a party to the proceeding by which the writ of error was prosecuted, in showing that they were unable to give a bond or pay costs.

We are of the opinion that the allegation herein copied from the application for the writ of error was sufficient to make the San Antonio Traction Company a party in this court.    Stephenson v. Railway, 42 Texas, 152.

The decision cited has never been criticised or challenged, but has been cited with approval in a number of cases.    Railway v. Murphy, 46 Texas, 356; Indianola v. Railway, 56 Texas, 594; Railway v. Fryer, 56 Texas, 617; Acres v. Moyne, 59 Texas, 623.

In the Stephenson case the suit was filed and prosecuted in the trial court against the Southern Pacific Railway Company, and the Texas & Pacific Railway Company was made the party defendant to the writ of error on an allegation that the first named company had been absorbed by the latter, which had its franchise, and was a privy in inter-

est to the matters involved in the suit. The court referred to statutes permitting the consolidation of the two roads, and it was held that the presumption would prevail that the entire existence of the Southern Pacific Company was merged in the Texas Pacific Company, and it devolved upon the latter to show in connection with its motion to dismiss that it was not responsible for the debts of the other company. "But," says the court, "no effort to rebut this presumption has been made, either by showing the terms of consolidation agreed to by said companies, or proof of the continued separate corporate existence of the Southern Pacific Railroad Company subsequent to said consolidation. From these premises, we think it clearly follows that the defendant in error is not, as is insisted, a stranger to the record, but is in fact the party in whose favor the judgment stands, and against whom alone the writ of error can be prosecuted."

The allegations in the application for writ of error in this case show that the San Antonio Street Railway Company, since the judgment was rendered against it, has become defunct by decree of court, and that the San Antonio Traction Company is its successor and has acquired its property and rights and assumed the payment of all its debts, obligations, and liabilities. The San Antonio Traction Company does not deny any of these allegations, and produces nothing to show that they are not true. Being taken, therefore, as true, the San Antonio Traction Company is in fact the party in whose favor the judgment stands and is a proper party to this writ.

The statute (article 1401, Revised Statutes) does not require notice of the filing of an affidavit made in lieu of an appeal or a writ of error bond. Stewart v. Heidenheimer, 55 Texas, 644; Graves v. Horn, 89 Texas, 77.

The motion is overruled.

*Overruled.*

### ON THE MERITS.

This suit was instituted by J. M. Proctor, S. A. Proctor, and Eva Proctor, joined pro forma by her husband, J. P. McIntyre, to recover of defendant in error damages in the sum of $10,000, on account of the death of J. G. Proctor, the father of the two Proctors and Mrs. McIntyre. The trial before a jury resulted in a verdict and judgment for defendant in error.

The uncontroverted facts show that J. M. Proctor and J. P. McIntyre had a contract with defendant in error, hereinafter styled defendant, to remove a large pile of cinders from the yard of defendant at its Tenth street power house in San Antonio. The yard was between the carshed and the power house, and was about 100 feet long. Cinders were scattered nearly all over the yard, the average height being about six feet. The cinders were probably seven feet high where the man was killed, and

there was a trolley wire directly over that pile. On August 11, 1897, deceased came from the home of plaintiffs to bring dinner to his son and McIntyre, and took up a hoe with an iron handle to dig down the cinders, which, being hot, had been saturated with water, and about the second blow caught the hoe on the trolley wire, and received an electric shock which almost instantly killed him. Deceased when he received the current of electricity was standing near, if not on, the rails of the street car track. Deceased was 57 years old, and was being supported by his children, the plaintiffs, they giving him his food and clothing for what services he rendered. He contributed nothing whatever to them. McIntyre swore: "We were all living together at the time of the accident, and he did what he could towards helping us make a living. * * * The pay that we had given him and that he had earned was his victuals and clothes. * * * If I had noticed his using that hoe sooner, I would have stopped him from that, because we did not permit him to do any work, and he just come down over there to bring our dinner to us, and he raked the cinders down." J. M. Proctor swore: "My father lived with me all these years and I supported him. I gave him his victuals and clothes and whatever he needed, and he lived with me and my family." There was some testimony by these witnesses as to the services of deceased being worth four or five hundred dollars, but it was so utterly inconsistent with their other testimony as to amount to nothing, and it was plain and uncontradicted that deceased gave them nothing, and if he had lived there was no probability shown that he would have contributed to their support, but would have been a charge to them. The evidence established the contributory negligence of deceased. „

The grounds of negligence alleged were, that defendant did not warn deceased or plaintiffs of the dangerous nature of the wire, and that the wire was not insulated as required by the ordinances of the city of San Antonio. Deceased was not a servant of defendant, and it was not shown even that it had any knowledge of deceased being upon its premises. The relation of master and servant did not exist between deceased and defendant, and no duty of warning deceased of the danger rested upon defendant. Plaintiffs were independent contractors, and deceased was their servant, and if anyone owed it to deceased to give warning of the danger of standing on steel or a wet surface and with wet hands grasping an iron hoe and touching a charged trolley wire, it devolved on plaintiffs.

The ordinance of the city of San Antonio specially excepts trolley wires from its provisions requiring wires to be insulated, and it follows that the wire that conveyed the electricity being a trolley wire, defendant was not negligent under the ordinance in not having it insulated. There being no evidence of negligence on the part of defendant, and no evidence upon which could be based a verdict that plaintiffs sustained any pecuniary loss by the death of J. G. Proctor, it is unnecessary to inquire

into the questions presented as to errors in the charge of the court. If all the excluded testimony had been admitted in evidence, it could not have changed the result.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

It is urged that while it was not required by ordinance that trolley wires should be insulated, still it was required by ordinance that "no switch, lamp, motor, dynamo, or any other conductor having exposed uninsulated parts shall be erected or maintained where any person unacquainted with the dangers of the same could easily come in contact with the same," and that it was negligence in appellant to have a trolley wire on its premises at such a height that a man could reach it with a hoe raised above his head. We do not think that the ordinance has reference to persons coming in contact with wires by using some instrument to reach them; but it is evidently guarding against accidents from bodily contact with the objects named. No person could easily come in contact with the trolley wire in question, but the connection with it must necessarily have been made with some object of considerable length, as was the hoe handle in this instance. The trolley wires on any street railway could probably be reached by a man six feet two inches high, as was deceased, by means of a hoe or other implement with a handle three or four feet long, and it is obvious that the ordinance has no application to a case surrounded by such circumstances. Another investigation of the testimony satisfies us of the correctness of the finding that the evidence failed to show that the life of deceased was of any pecuniary value to appellants. It was clear that deceased was in the habit of bringing food to his son and son-in-law, and that he remained during the afternoon, and would do little or no labor, and that appellants thought they were compensating him by giving him what was denominated "victuals and clothes."

The language used in the special charge asked by appellant which it is urged should have been given in charge to the jury was in substance in the charge of the court, and it was not error to refuse to repeat it.

There is no merit in the criticism of the charge of the court. It fully and fairly presented the issues in the case. It would have been error to have charged that under the ordinances appellee was guilty of negligence.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.