## Fort Worth & Denver City Railway Company v. P. S. Roberts.

### No. 1329.    Decided May 30, 1904.

**1.—Statement of Facts—Filing After Term—Nunc Pro Tunc Order.**

A statement of facts was improperly stricken out on appeal where the order permitting it to be filed in vacation, not being entered during the term, was, on motion in the trial court, made nunc pro tunc, though made on the mere recollection of the facts by the court, not supported by any written memorandum of his action or written motion to grant such time for filing. (Pp. 46, 47.)

**2.—Practice in Trial Court—Correcting Minutes.**

The trial court may correct its minutes after adjournment for the term by entering, nunc pro tunc, an order actually made, though no written memorandum of the proceeding can be found to support such order. (Pp. 46, 47.)

**3.—Supreme Court—Announcing Rule of Practice.**

Though the Supreme Court is authorized to make rules for practice in inferior courts, its mere statement in an opinion as to what its ruling will be in future cases on a point of practice there involved, as in Blum v. Neilson, 59 Texas, 378, does not have the effect of adopting such announcement as a rule of practice. (Pp. 45, 46.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Childress County.

Roberts sued the railway company and recovered judgment. On defendant's appeal the judgment was affirmed in part and in part reversed and rendered. Appellant thereupon procured writ of error.

*Stanley, Spoonts & Thompson,* for plaintiff in error.—The Court of Civil Appeals erred in its holdings that the statement of facts made up, signed and filed within ten days after the adjournment of the term at which the judgment was rendered was without authority of law and could not be considered in- determining the issues raised by appellant's assignments of error complaining of the charge of the court, of the refusal to give the requested charges, and of the refusal to grant a new trial, on the ground that it was not entered of record during the term and the fact that its having been granted was not established by any memoranda upon the judge's docket or found among the files of the cause.

This assignment involves the consideration of several legal questions. (a)   The construction of the statute authorizing the statement of facts to be made up, signed and filed in vacation by order of the court entered of record during the term.   (b)   The inherent power of the court to cause its order made during one term to be entered of record at a subsequent term.   (c)   The competency and sufficiency of the evidence of the order having been made to order its record at a succeeding term as of the date it was in fact made.   (d)   The legal effect of such nunc pro tunc entry.   (e)   Whether the appellate court can or will go behind the judgment of the trial court in determining the fact that said order was made and causing its entry nunc pro tunc, to inquire whether it is supported by sufficient or competent evidence, when such judgment was not appealed from nor assigned as error.

Blum v. Neilson, 59 Texas, 380, is directly in point.   In that case, the Supreme Court determined as a matter of law:   (a)   That the fact that the order was made, although not entered of record during the term, authorized the statement of facts to be made up, signed and filed in vacation within ten days after adjournment.   (b)   That the District Court had the power to cause the said order to be entered of record at a succeeding term, nunc pro tunc.   (c)   That it was not necessary to the validity of said order and entry nunc pro tunc that any written memoranda of the fact upon the judge's docket or files should appear.   (d) That the parol testimony of witnesses directly connected or concerned with the transaction and the personal knowledge of the judge is competent and sufficient evidence to establish the fact that the order was made and to support the finding of that fact and the entry of the order nunc pro tunc.

A rule of practice for the guidance of the profession in obtaining such an order when necessary, and the court unwilling to grant it, was announced in the case as quoted by the Court of Civil Appeals, but in no respect did the Supreme Court undertake to change the rules of law or evidence announced on the question determined.

It had no power to say "this is the law of such cases now, but shall not be the law in future unless the fact of the order being made or requested during the term can be established by written memoranda."

The inherent power of the court to cause its orders, judgment and

decrees made to be entered on record as of the date made, is unquestioned, and necessary to the proper discharge of its duties and the protection of the parties, of the rights created thereby, and of the public in the administration of justice; it is not dependent upon any statute or limited to the term at which they were made or done, nor affected by appeal perfected prior to such entry. Freeman on Judg., secs. 56, 57, 61, 64, Wight's case, 134 U. S., 136; Blum v. Neilson, 59 Texas, 380; Cowan v. Ross, 28 Texas, 229; Bell v. Collins, 66 Texas, 467; Orr v. Wright, 45 S. W. Rep., 629; Wilcoxson v. Howard, 62 S. W. Rep., 802. This inherent power is extended by the statute to authorize the correction of the record from written memoranda where the order, judgment or decree is erroneously recorded. Rev. Stat., arts. 1356, 1357. But the statute is only cumulative and is not a limitation upon the inherent power of the court. This inherent power of the court to enter at a later term its orders, judgments and decrees made at a former term has often been exercised, and approved whenever it has exercised the power. Blum v. Neilson, 59 Texas, 380—entering order granting ten days to file statement of facts; Whittaker v. Gee, 61 Texas, 218—entering names of parties to judgment; Travelers Ins. Co. v. Wagley, 74 Fed. Rep., 457—changing file mark on petitions; Winter v. Texas Land Co., 54 S. W. Rep., 803—amending minutes. Even in criminal cases. Burnett v. State, 14 Texas, 455; Ex parte Beard, 41 Texas, 234; Wight's case, 134 U. S., 136. Even after death of the parties. Freeman on Judg., sec. 61. Is never limited by lapse of time. Freeman on Judg., sec. 66. It may be exercised by court on its own knowledge, without application and against the wishes of the parties. Wight's case, 134 U. S., 136. The court is itself the judge of the amount and weight of the evidence to authorize the entry. Freeman on Judg., sec. 63. The proper procedure to perfect the record by having the entry recorded nunc pro tunc is that of Blum v. Neilson, 59 Texas, 380; approved O'Keefe v. Western Union Telegraph Co., 87 Texas, 427; Cannon v. Gulf C. & S. F. Ry. Co., 88 Texas, 312; Peery v. Wichita Valley Ry. Co., 88 Texas, 378. Courts and rules are established to promote justice, not to defeat it.

*E. E. Diggs,* for defendant in error.—This court can not consider the assignments of error questioning the correctness of the court's charge to the jury, because there is no statement of facts in the record that can be considered by the court—what purports to be a statement of facts having been filed after the adjournment of the term of the court at which the cause was tried, and there being nothing in the record to show that said purported statement of facts was filed under an order of the court entered of record during the term authorizing the statement of facts to be made up, signed and filed in vacation. Sayles' Civ. Stats., art. 1381; Marx & Kempner v. Caldwell, 62 Texas, 64; Blum v. Neilson, 59 Texas, 380; Texas & P. Ry. Co. v. McAllister, 59 Texas, 362; Lanier v. Perryman, 59 Texas, 109, and authorities there cited; Trewitt v. Blundell, 59 Texas, 253.

GAINES, CHIEF JUSTICE.—In this case the Court of Civil Appeals sustained a motion to strike out the statement of facts, and, declining to consider most of the assignments of error for the reason that they could not be passed upon without a statement of the evidence, they affirmed the judgment in part and reversed and rendered it in part.

The statement of facts was filed after the adjournment of the court for the term, but within ten days from such adjournment. The transcript, as originally made up, contained no order allowing the document to be filed after the adjournment of the court; and it was upon this ground that the motion to strike out was based.

After the transcript had been filed in the Court of Civil Appeals, and at a term of the District Court subsequent to that at which the case had been tried, the appellant in the Court of Civil Appeals filed a motion alleging that the order allowing the ten days had in fact been made by the court and that the clerk had failed to enter it upon the minutes, and praying that the order be entered nunc pro tunc. The court having heard the motion and the evidence in its support, granted it and the order was accordingly so entered. The evidence upon the trial of that issue showed that no written motion for the allowance of the ten days had been filed and that there was no memorandum on the judge's docket or other written evidence that the order for additional time had been made. But the evidence was sufficient to show that an oral request had been made by counsel for the appellant and that it had been granted by the court. The judge who heard the motion to enter the order nunc pro tunc had also presided upon the trial of the case, and his recollection was distinct to the effect that he had granted the request for the allowance of the ten days. The Court of Civil Appeals held that it was error for the court to have granted the motion for the entry nunc pro tunc of the order in the absence of some memorandum in writing found among the papers or on the docket, showing that the order had been actually made.

That a court has the continuing power after an adjournment for the term to correct its minutes and to make them speak the truth by the entry of an order that has in fact been made or a judgment that has actually been rendered, but which has been omitted from its minutes, the authorities all agree; but upon the question whether this can be done in the absence of written evidence, the decisions are in hopeless conflict. In the case of Blum v. Neilson, 59 Texas, 378, the precise question was passed upon by this court, and it was there held, that, although there was no entry upon the judge's docket and no memorandum of such order had been preserved, the order was properly entered nunc pro tunc upon oral testimony and the recollection of the judge. In that case, however, after deciding the point the court say in their opinion: "As this decision concerns a matter of practice upon which distinct rules should be laid down for the guidance of the profession, we will state that, in the future, when it becomes necessary that a statement of facts should be made up, signed and filed after the ad-

journment of court, an order to that effect must be applied for by a written motion entered of record. If such motion is made, and the order granted, and from any cause it is not found in the minutes of the court, no entry of it at a subsequent term will be allowed, unless the fact of its having been granted shall be established by memorandum upon the judge's docket, or found among the files of the cause." These expressions were subsequently qualified in the case of Ball v. Collins, 66 Texas, 467, where it was held that an order properly entered on the minutes allowing the ten days was good although there had been no written application therefor. Now it may be that under its power to make rules governing its own practice and that of the inferior courts, the Supreme Court had power to formulate a rule such as was announced in Blum v. Neilson, yet so far as we have been able to discover no such rule has been made, and we are of the opinion that the declaration of the court, as to what its decision in future shall be, should not be treated as having the force and effect of a regularly formulated and properly promulgated rule of practice. What the Supreme Court decides should be with us the highest evidence of what the law is upon the point, and should be followed, unless for very cogent reasons it is believed to be erroneous; but as we think no such weight should be given to its declarations as to what it will decide. We think that we should follow the decision, rather than the announcement of a rule as to future cases, unless we should be satisfied that the decision itself was erroneous. In addition, while we think the Supreme Court had power to require, as a rule of practice, that applications for further time in which to file a statement of facts should be made in writing, we also think that it may be gravely doubted whether they could change the law as to the character of the evidence by which the fact of the making of the order should be established.

That an order of a court, which did not appear upon its minutes and of which there was no written memorandum upon the judge's docket or elsewhere, could be established by oral evidence was held by this court at an early day. State v. Womack, 17 Texas, 238. In the case cited a defendant in a criminal prosecution had been adjudged guilty, a fine had been assessed against him, and he had been committed to jail until the fine and costs should be paid. At a subsequent day of the term he was brought into court by its direction and the sheriff, Womack, was ordered to discharge him, which he did. This order was not entered on the minutes of the court and no memorandum thereof was made. At a subsequent term the district attorney procured a rule upon the sheriff to show cause why he should not be adjudged to pay the fine and costs. The defendant was permitted to show by parol that the court ordered the release of the prisoner, and the rule was discharged. The Supreme Court held, upon appeal, that there was no error in the proceeding. In Wight Ex parte, 134 U. S., 136, a writ or habeas corpus was applied for to secure the discharge of the petitioner, who had been condemned by a judgment of a district court of the

United States to confinement in the penitentiary for a term of years. The nullity of the conviction was claimed upon the ground that the latter court when it rendered the judgment had no jurisdiction of the case. The question of jurisdiction was made to turn upon the validity of the entry nunc pro tunc of an order of the circuit court to which it had been referred, remanding the cause to the district court. The entry of the order was assailed for the reason that there was nothing appearing in writing in the proceedings in the case showing that the circuit court had made such an order. But the Supreme Court of the United States held that the entry of the judgment of the court was properly made at a succeeding term upon the recollection of the judges who made it. This ruling is supported by many authorities; on the other hand, as we have previously intimated, there is a very imposing array of adverse decisions from courts of the highest authority.

We conclude that the decisions of this court should control, and that therefore the Court of Civil Appeals erred in striking out the statement of facts. Following the rule adopted in the case of Oriental Investment Co. v. Barclay, 93 Texas, 425, the judgment of the Court of Civil Appeals is reversed and the cause remanded to that court for further consideration, in the light of the evidence as disclosed by the statement of facts.

*Reversed and remanded to Court of Civil Appeals.*