Texas & New Orleans Railway Company v. C. T. Walker et al.

Decided April 12, 1905.

**1.—Records of Court—Suit to Correct—Jurisdiction.**

A court has jurisdiction to entertain a suit to correct its record, by expunging therefrom an order which it has not made, after the expiration of the term at which the record was made, and after an appeal has been perfected from a final judgment in the case.

**2.—Same—Pleading.**

In such a suit it is not necessary that the petition should be supported by an affidavit showing fraud, surprise, mistake or meritorious defense, since

the suit is not for a new trial nor to set aside or correct a judgment actually rendered, and the rules governing such proceedings are not applicable to it.

**3.—Same—Practice on Appeal—Postponement.**

Where, after an appeal has been perfected, the appellee institutes a suit in the trial court to correct the record in the case as to a matter upon which the jurisdiction of the Appellate Court depends, he is entitled to have the submission of the cause on appeal postponed until the final determination of the application to correct the record.

Appeal from the District Court of Nacogdoches. Tried below before Hon. Tom C. Davis.

*Baker, Botts, Parker & Garwood* and *Blount & Garrison,* for appellant.—The court had ample authority, although the term at which the case was tried had adjourned, to correct its records as to the pretended order allowing appeal bond upon pauper's oath, so as to make them speak the truth. Rev. Stats. 1895, art. 1356; Fort Worth & D. C. Ry. Co. v. Roberts (Sup. Ct.), 81 S. W. Rep., 25; Blum v. Neilson, 59 Texas, 378; Ramsey v. McCauley, 9 Texas, 106; Miller v. Russell, 40 Texas, 494; Chestnutt v. Pollard, 77 Texas, 86; Cameron v. Thurmond, 56 Texas, 28; Ximenes v. Ximenes, 43 Texas, 463; Frank v. Tatum, 23 S. W. Rep., 311; De Hymel v. Mortgage Co., 80 Texas, 493; Cruger v. McCracken, 87 Texas, 584; Orr v. Wright, 45 S. W. Rep., 632; Wilcoxson v. Howard, 62 S. W. Rep., 802; Ex parte Wight, 134 U. S., 136.

*Ingraham, Middlebrook & Hodges,* for appellees.

PLEASANTS, Associate Justice.—This proceeding was instituted in the District Court of Nacogdoches County to correct an error in the record of a suit between the parties hereto, decided at the next preceding term of said court.

The motion or petition alleges, in substance, that, at the preceding term of the court, appellee C. T. Walker, for herself, and as next friend of her minor children, brought suit against appellant for damages caused by the death of T. L. Walker, her husband, and the father of said minors; that said suit was tried on March 18, 1904, and resulted in a verdict and judgment in favor of defendant, and, a motion for new trial having been thereafter overruled, the plaintiff appealed to the Court of Civil Appeals at Galveston. It is further alleged that thereafter, on April 19, 1904, appellee C. T. Walker filed, with the papers in said cause, an affidavit stating that she desired to prosecute an appeal, and that she and her coplaintiffs were unable to pay the costs of appeal or to give security therefor; that thereafter, on the same day, appellees' attorneys caused the following order to be entered upon the minutes of the court:

"This day, April 19, 1904, in this cause came, on the regular call of this docket, this case for a further hearing, upon application of the plaintiff in the above styled and numbered cause, inability to pay costs in this court, or any part thereof, and also the plaintiffs' inability to pay the costs of appeal, or give security for appeal therefor, or any part thereof, and all parties appearing and announced ready for trial, and a

hearing thereof, and the court, after hearing the evidence and argument of counsel thereon heard, the court, it is therefore considered, and so ordered, adjudged and decreed by the court that the plaintiff C. T. Walker, for herself and for William F. Walker and Annie L. Walker, can and may appeal this cause. The proof having been made of inability to pay the costs, or to give security therefor, of the cost already accrued, or that may hereafter accrue by reason of this appeal, and she is hereby permitted to prosecute this appeal upon the affidavit of former pauper's oath by her made, as though an appeal bond had been made."

It is then alleged that the recitals in such judgment are false in that the affidavit was not made before the court, nor was it presented to the court, and no judgment was rendered by the court finding the facts stated in the affidavit to be true and adjudging that appellees were entitled to persecute their appeal thereon. The prayer of the petition is for citation, and that, upon a hearing, the court may enter its judgment declaring that the judgment entered at the March term of the District Court, in cause No. 1949, wherein the said court authorizes the said C. T. Walker to appeal said cause to this court, upon a pauper's oath, be in all things set aside, and be declared null and void, and for general and special relief. This petition was filed August 29, 1904.

The appellees demurred generally and specially to the petition, and answered by general denial and several special pleas, the nature of which it is unnecessary to state.

The demurrers to the petition were based upon the following propositions: First.—That the term of the court at which the alleged erroneous judgment was entered having adjourned, and the appeal of the cause to this court having been perfected, the District Court was without jurisdiction to hear and determine the issue presented by the petition. Second.—That the petition was insufficient because not supported by an affidavit showing fraud, surprise, mistake or meritorious defense.

The trial court sustained all the demurrers and dismissed appellant's suit.

The contention of appellees that the court was without jurisdiction to entertain a suit to correct its record after the expiration of the term of the court at which the record was made, and after the appeal in the case had been perfected, can not be sustained. Our Supreme Court has decided the direct question adversely to this contention. (De Hymel v. Mortgage Co., 80 Texas, 493; Railway Co. v. Roberts, 98 Texas, 42.)

Appellant's suit is not for a new trial, nor to correct a mistake in a judgment, but is, in effect, one to expunge from the record an order which it claims was never made by the court. Unless proof of the inability of appellees to pay the costs of the appeal from the judgment in the original suit, or give security therefor, was made as required by the statute, they were not entitled to prosecute an appeal without giving a bond for costs. (Graves v. Horn, 89 Texas, 77.)

Appellant contends not only that the necessary proof was not made before the court, but that the court heard no application for an order authorizing an appeal without bond, and no such order was made. The record in the original case contains the order set out in the petition in this case, and, since the verity of the record in that case can not be attacked in this court by affidavit, the only remedy was to proceed in the

court below to have that record corrected, if it is incorrect, as claimed by them. (Willis Bros. v. Smith, 90 Texas, 636; Boggess v. Harris, 90 Texas, 476.)

In the case of Railway Company v. Roberts, supra, the Supreme Court, speaking through Chief Justice Gaines, says: "That a court has the continuing power, after an adjournment for the term, to correct its minutes, and to make them speak the truth by the entry of an order that has, in fact, been made, or a judgment that has actually been rendered but which has been omitted from its minutes, the authorities all agree." There can be no possible difference in the power of the court to correct its minutes by entering nunc pro tunc an order actually made but not entered and its power to correct its minutes by expunging therefrom an order which it had not made.

Appellees' second contention is equally untenable. No rule of pleading requires the petition to be supported by an affidavit, and the appellant was not required to tender or meet the issue of whether appellees were unable to pay the costs or give security therefor. As before stated, this is not a suit for a new trial nor to set aside or correct a judgment actually rendered, and the rules governing such proceedings are not applicable. We are of opinion that the judgment of the court below should be reversed and the cause remanded.

Before the day for the submission of the original case in which this proceeding was begun, and which is now pending in this court on appeal, appellant filed a motion to postpone submission until the appeal in this suit to correct the record was determined. At a former day of this term we granted that motion. It now appearing that the court below erred in refusing to hear the application to correct the record, as our jurisdiction in the original suit depends upon whether the record in that case is correct, an order will be entered further postponing the submission of the case until the question of the jurisdiction of this court can be settled by a judgment of the court below deciding whether or not that record is correct. (Boggess v. Harris, 90 Texas, 476.) Reversed and remanded.

*Reversed and remanded.*