### DICKENSHEETS v. HUDSON et al.
(No. 6751.)

(Court of Civil Appeals of Texas. Galveston. May 28, 1914. Rehearing Denied June 18, 1914.)

1. JUSTICES OF THE PEACE (§§ 116, 126*)—CORRECTION OF JUDGMENT.

While a justice of the peace has no authority to grant a motion for a new trial after the expiration of ten days after the date of judgment, as provided by Rev. St. 1911, art. 2374, he is authorized by article 2015, after the expiration of such time, to correct a mistake in the record of a judgment rendered by him so as to make the record speak the truth.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 369–371, 400, 464; Dec. Dig. §§ 116, 126.*]

2. JUSTICES OF THE PEACE (§ 130*)—JUDGMENT—RES JUDICATA—ISSUES—JURISDICTION.

Where a justice of the peace without jurisdiction to adjudge a lien on an automobile nevertheless, as a part of a judgment, denied a lienor's right to a lien, but thereafter the justice on motion corrected the judgment so that it expressly stated that the court had no jurisdiction to foreclose the alleged lien, the judgment as so corrected was not res judicata of the lienor's right to a lien.

[Ed. Note.—For other cases, see Justices of the Peace, Dec. Dig. § 130;* Judgment, Cent. Dig. §§ 989, 1153.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by C. Dickensheets against F. M. Hudson and another. Judgment for defendants, and complainant appeals. Affirmed.

T. H. Stone, and H. E. Stephenson, both of Houston, for appellant. John B. Warren, of Houston, and M. C. Lane, for appellees.

PLEASANTS, C. J. This suit was brought by appellant to enjoin appellees from proceeding, under the provisions of article 5667 of the Revised Statutes, to sell an electric coupé owned by appellant. The ground upon which the injunction was sought is, in substance, that defendants' claim of lien upon the property above mentioned had been adjudicated against them in a suit brought by them against appellant and others in the justice court for precinct No. 1 of Harris county, in which they sought to recover the sum of $128.85 alleged to be due for storage and repairs upon said coupé, and to foreclose the lien given by the statute to secure the payment of said sum. The judgment as originally entered in the justice court, after reciting the appearance of the parties and the dismissal of plaintiffs' suit against appellant's codefendants in said suit, is in the following language:

"And the court, having heard the evidence and argument of counsel, is of opinion that the plaintiffs, F. M. Hudson and S. D. Center, ought to recover against the said C. Dickensheets the sum of $128.85, but nothing as to the defendant C. A. McNeeley. It is further ordered that the plaintiffs be denied the right to assert any lien whatever against the electric coupé mentioned in the pleadings and the evidence; that the plaintiff recover all costs in this behalf expended. For the collection of this judgment and costs let execution issue. It is ordered that this judgment bear interest at the rate of 6 per cent. per annum from the date hereof."

On the day the judgment in the justice court was rendered, February 5, 1914, appellees herein, who were plaintiffs in said suit, filed a motion asking that the judgment be reformed so as to "include a foreclosure of lien." This motion was overruled by the court. No appeal was taken from said judgment. On February 7, 1914, appellees, under the provisions of article 5667 of the Revised Statutes, posted notices of the sale of said coupé for the purpose of satisfying their claim of $128.85. Thereupon appellant brought this suit to enjoin said proceeding. The petition, which sets out the facts above stated, was presented to Hon. Wm. Masterson, judge for the Fifty-Fifth judicial district, and, upon consideration thereof, the judge, on February 26, 1914, granted a temporary injunction in accordance with the prayer of the petition. On February 27th, after the temporary injunction was granted, appellees filed in the justice court a motion to correct the entry of the judgment of February 5, 1914, as it appears upon the minutes of said court. On the hearing of this motion on February 28, 1914, the justice made and entered the following order:

"On this the 28th day of February, A. D. 1914, came on to be heard plaintiffs' motion in the above entitled and numbered cause, in which F. M. Hudson and S. D. Center are plaintiffs and C. Dickensheets, S. A. McNeeley, and the Auto Company, a private corporation, are defendants, to have the entry of the judgment given herein on the 5th day of February, A. D. 1914, amended and corrected so as to speak the true action of the court in said case, and, defendant C. Dickensheets having been given due notice of the filing of said motion, and of the hearing of same, both or all parties being represented in court, and argument or counsel having been heard, the court orders, adjudges, and decrees that the entry on the minutes of the court be corrected and amended so as to show the true judgment of the court, said entry to

be corrected and amended to read as follows: 'F. M. Hudson et al. v. C. Dickensheets et al. No. 19891. On this, the 5th day of February, A. D. 1914, came on to be heard the above entitled and numbered cause, and, the parties appearing herein, except the Auto Company, a private corporation, as to whom plaintiffs dismissed their cause, to which no exception was made, and the court having heard the evidence and argument of counsel, it is the opinion of the court, and so ordered, adjudged, and decreed, that plaintiffs, F. M. Hudson and S. D. Center, recover of and against the defendant C. Dickensheets the sum of $128.85, the amount sued for, with interest thereon at the rate of 6 per cent. per annum from date hereof until paid, together with their costs, and for which let execution issue, but nothing as to the defendant S. A. McNeeley. The court is of the opinion that it has no jurisdiction to foreclose the lien asserted by plaintiffs against the electric coupé mentioned in the pleadings, and now in their possession.'"

After obtaining this order correcting the entry of the judgment in the justice court, appellees filed an answer and motion in the district court to dissolve the temporary injunction. This motion was heard and granted by the court on March 31, 1914, and from the judgment dissolving the temporary injunction appellant prosecutes this appeal.

Without discussing appellant's several assignments of error in detail, we will state our reasons for holding that the trial court did not err in dissolving the temporary injunction.

[1] While a justice court has no authority to grant a motion for new trial after the expiration of ten days from the date of a judgment (R. S. art. 2374; Carter v. Com'rs' Court, 75 Tex. 286, 12 S. W. 985), such court can, under article 2015 of the Revised Statutes, correct a mistake in the record of a judgment rendered by it so as to make the record speak the truth. The power of a court to correct its records continues to exist after the court has lost jurisdiction of the subject-matter of the suit, and the exercise of such power, whenever the truth and justice of the case requires its exercise, has been uniformly sanctioned by our higher courts. Blum v. Neilson, 59 Tex. 378; Imlay v. Brewster, 3 Tex. Civ. App. 103, 22 S. W. 226; Railway Co. v. Walker, 39 Tex. Civ. App. 53, 87 S. W. 194; Railway Co. v. Roberts, 98 Tex. 42, 81 S. W. 25.

[2] The only ground for injunction shown by the petition was the allegation that appellees' right to foreclose their statutory lien upon appellant's coupé was adjudicated against them in the suit brought by them against the appellant in the justice court, and, no appeal having been taken from the justice court judgment, appellees' claim of a lien upon the property was res adjudicata, and their right to assert and enforce such lien is concluded by said judgment. The judgment as originally entered in the justice court does adjudicate appellees' claim of lien, and, if the judgment so entered had been the judgment rendered, appellees could not now assert or enforce any lien upon the property. The learned trial judge, acting upon the assumption that the judgment originally entered in the justice court was the judgment rendered by that court, was correct in granting the temporary injunction. When, however, on the motion to dissolve it was made to appear by the record from the justice court that that court did not adjudicate the question of appellees' right to establish and foreclose the lien claimed by them, but declined to pass upon such question, on the ground that it had no jurisdiction thereof, we think the injunction was properly dissolved. A judgment cannot be held to be res adjudicata of a question or issue which the judgment shows upon its face was not determined thereby, and certainly appellees cannot be held to have lost their lien by their attempt to establish and foreclose it in a court which had no jurisdiction of such suit.

It follows from these conclusions that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.