### HAINES et al. v. RUSSELL et al.
### No. 10453.

Court of Civil Appeals of Texas. Dallas.
May 7, 1932.

Brame & Brame, of Sherman, for appellants.

Webb & Webb, of Sherman, for appellees.

LOONEY, J.

On February 8, 1932, judgment was rendered for A. M. Russell against all defendants, including Alma McNeley Haines and C. H. Haines, for the recovery of certain lands; Haines and wife gave notice of appeal, and in an effort to perfect same filed an affidavit in lieu of cost bond on February 20th, and as same was not contested within ten days, said defendants, on March 15, applied to G. P. Gafford, clerk of said court, to make and deliver to them a transcript of the record, which was refused by said officer. These facts are alleged in a motion by defendants, as a showing of good cause why they were not able to procure and file the transcript in this court in support of their request for an extension of time within which to procure and file the transcript and statement of facts; they also show that they have in course of preparation, and intend to file in this court, a motion for permission to file an original application for mandamus to G. P. Gafford, clerk, directing and requiring him to make out and deliver to them, or to their attorneys, a transcript of the record. The latter motion was filed April 15th, and is also before us for consideration.

A. M. Russell, plaintiff, and G. P. Gafford, clerk, appear in opposition to these motions and, in support of their opposition, present a record of certain proceedings had before the presiding judge, which disclose that on March 3d plaintiff and the clerk each filed an unsworn written contest of defendants' said affidavit, traversing its allegations, and upon the issue thus joined, evidence was heard by the presiding judge and the contests were sustained on April 4, 1932. The order of the judge sustaining the contests is amply supported by evidence and should be given the legal effect of denying appellants' right to appeal in forma pauperis, if, at the time the order was entered, the presiding judge had jurisdiction to hear and determine the matter.

Prior to the adoption by the 42d Legislature of the amendment to article 2266, R. S. (chapter 134, § 1 [Vernon's Ann. Civ. St. art. 2266]), the procedure in regard to appeals in forma pauperis was perplexing, highly technical, and the decisions construing the statutes relating thereto were in confusion; this condition is revealed somewhat in Cox v. Gafford (Tex. Civ. App.) 26 S.W.(2d) 412. Evidently the dominant purpose of the Legislature, in amending articles 2266 and 2457 (Vernon's Ann. Civ. St. arts. 2266, 2457), regulating appeals in forma pauperis from district, county, and justice courts, was to simplify the procedure and brush away the confusion caused by conflicting decisions; this purpose is shown by language in the emergency clause (section 3 of the act), which recites that: "Whereas statutes regulating appeals in forma pauperis need to be simplified and rendered less technical * * * the importance of these changes to those compelled to prosecute appeals by affidavit in lieu of bond creates an emergency and an imperative public necessity, demanding the

suspension of the Constitutional Rule. * * *"

The pertinent part of article 2266, as amended (Vernon's Ann. Civ. St. art. 2266), reads: "Where the appellant or plaintiff in error is unable to pay the costs of appeal or give security therefor, he shall, nevertheless, be entitled to prosecute an appeal by making strict proof of such inability, which shall consist of his affidavit filed with the Clerk of Court stating that, he is unable to pay the costs of appeal, or any part thereof, or to give security therefor. Any Officer of Court or party to the suit, interested, may contest the affidavit, whereupon the Court trying the case, if in session, shall hear the contest; but if in vacation, the same shall be heard by either the Judge of the Court or the County Judge of the County where the suit is pending and on such hearing evidence may be introduced, the right of the party to appeal shall be determined, the finding certified to, and filed as a part of the record of the case. It will be presumed, prima facie, that the affidavit of appellant speaks the truth and unless contested within ten (10) days after being filed the presumption shall be deemed conclusive. * * *"

■ Obviously these simple and direct provisions mean that the affidavit presumably speaks the truth and, unless contested, by some one entitled to wage a contest, within ten days after being filed by the clerk, the prima facie case thus made becomes conclusive and perfects the appeal. That is precisely the situation with which we are dealing.

The facts developed that no notice was given of the filing of the affidavit and actual knowledge thereof was not acquired by plaintiffs' attorneys until March 3d, the day the contest was filed; the clerk, however, was visited with notice through his deputy who placed the file mark upon the affidavit; however, the statute does not require that notice be given of the filing of an affidavit in lieu of cost bond, and in this respect the law on the subject was not changed by the recent amendment, so contestants cannot complain of the absence of notice, in other words, filing is constructive notice, and puts in operation the ten days' limitation within which the affidavit must be contested, if at all. See Stewart v. Heidenheimer, 55 Tex. 647; Proctor v. San Antonio St. Ry. Co., 26 Tex. Civ. App. 148, 62 S. W. 938, 939; Williams v. Jones (Tex. Civ. App.) 5 S.W.(2d) 867.

■ We think the appeal was properly perfected before the contests were filed. It follows necessarily that jurisdiction of the whole case vested in this court; and as the trial judge was without jurisdiction to hear the contests, the order entered sustaining

same is void. See Houston,.etc., Co. v. Hornberger (Tex. Civ. App.) 141 S. W. 312; same case before the Supreme Court on certified question, 106 Tex. 104, 157 S. W. 744; Newton v. Leal (Tex. Civ. App.) 56 S. W. 209; Williams v. Jones (Tex. Civ. App.) 5 S.W. (2d) 867.

In this situation, we are of opinion that appellants are entitled to a transcript; therefore, the motion for extension of time within which to file same is granted, and sixty days from this date allowed; also the motion for permission to file a petition for mandamus is granted, and same will be filed.