## SMIRL v. GLOBE LABORATORIES, Inc., et al.

### No. 13600.

Court of Civil Appeals of Texas. Dallas.

Feb. 9, 1945.

Rehearing Denied March 9, 1945.

Eugene DeBogory, Eades & Eades, and Chaney & Davenport, all of Dallas, for appellant.

Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch, all of Fort Worth, and Thompson, Knight, Harris,

Wright & Weisberg and Pinkney Grissom, all of Dallas, for appellees.

BOND, Chief Justice.

This is an attempted appeal in forma pauperis. The right to appeal without giving bond, where appellant is unable to pay the costs of appeal or give security therefor, has been recognized by statute, Art. 2266, R.S., and is promulgated with substantial procedural changes in Texas Rules of Civil Procedure, Rule 355; but in order to avail himself of this right, appellant, within twenty days after judgment or order overruling motion for new trial, must file with the clerk of the court an affidavit stating his inability to pay the costs or any part thereof, or to give security therefor; and the clerk shall forthwith give notice of the filing of such affidavit to the opposing party or his attorney, to afford him within ten days after such notice, the right to contest the affidavit, and the court trying the case, or judge in vacation, for a hearing of the contest.

It will be observed that the statute, supra, makes no provision for notice to be given, and, in consequence, it has been held that in absence of statutory requirement, notice of filing of the affidavit was not necessary to perfect the appeal. Stewart v. Heidenheimer Bros., 55 Tex. 644; Graves v. Horn, 89 Tex. 77, 33 S.W. 322; Proctor et al. v. San Antonio St. Ry. Co. et al., 26 Tex.Civ.App. 148, 62 S.W. 938. Thus, in light of the deficiency in the statute requiring notice, and the adjudicated cases relating thereto, the Supreme Court added subdivision (b) to Rule 355, supra, Rules of Civil Procedure; i. e., "The clerk shall forthwith give notice of the filing of such affidavit to the opposing party or his attorney." The mere fact that the duty is imposed upon the clerk to give the notice does not relieve the appellant from seeing that the necessary prerequisite for appeal is complied with to confer jurisdiction on this court. It has been held that unless the procedure is followed in the manner required by law, the appellant who has given no bond is not entitled to prosecute an appeal. Graves v. Horn, supra, Texas & N. O. R. Co. v. Walker, 39 Tex.Civ.App. 53, 87 S.W. 194. Thus the failure of appellant to give or cause to be given, the required notice of the filing of his affidavit, to enable the opposing party to file contest and the trial court to hear and determine the allegations in appellant's affidavit, is fatal to the appeal. In consequence, appellees' motion to dismiss the appeal should be sustained; it is so ordered.

Appeal dismissed.