### ROSA CARLTON ET AL. v. J. K. MILLER.

#### No. 113.

**1. Guardian Ad Litem — Writ of Error Prosecuted by Next Friend.**—Minor defendants against whom a judgment has been rendered may prosecute a writ of error by next friend to reverse the judgment, although a guardian ad litem was appointed to represent them in the suit in which the judgment was rendered, where such guardian has neglected for eight years to carry up the case for review, and it does not appear from the record that he objects to the writ being so prosecuted.

**2. Final Judgment—Foreclosure of Vendor's Lien.**—Where suit is brought on a purchase money note against the heirs of the maker to foreclose the vendor's lien, no personal judgment being asked against the defendants, a judgment foreclosing the lien is a final judgment as to the defendants, although they are not specifically named in the clause granting such foreclosure.

**3. Judgment by Default—Citation not Showing Christian Name of Defendant.**—A judgment by default against minor defendants is error where their given names were not stated in the original petition, nor in the citation served on them, and no citation was issued on an amended petition in which their names were properly set out; the original petition alleging that they resided in the county, and giving no reason why their names could not be ascertained.

**4. Same — No Presumption from Recitals in Judgment.**—To sustain a judgment by default on appeal, the record must show good service of citation, outside of the recital of service in the judgment.

**5. Practice on Appeal — Error as to Party not Appealing.**—Plaintiffs in error can not complain that a personal judgment was wrongly ren-

dered against a married woman, codefendant with them below, without service on her husband, where such married woman is not a party to the writ of error.

6. Practice—Reinstatement of Case Without Notice.—Where the court, of its own motion, dismisses a case for want of prosecution, it has the power to reinstate it at the same term without notice to the defendant.

ERROR from Grayson. Tried below before Hon. RICHARD MALTBIE.

*W. W. Wilkins, R. R. Hazlewood,* and *G. G. Randell,* for plaintiffs in error.—1. The judgment in this case recites that all of the defendants named in plaintiff's amended original petition were duly served with citation, but does not finally dispose of any of said defendants, except Mollie Shockley, alias Mollie Carlton, and is therefore not a final judgment. Rodrigues v. Trevino, 54 Texas, 198; Linn v. Arambould, 55 Texas, 611; Railway v. Smith County, 58 Texas, 74.

2. The plaintiff's petition showed that all of the defendants resided in Grayson County at the time of filing the suit, and it was error for the court below to enter any judgment affecting the rights of these plaintiffs in error upon a petition and citation neither of which contained their names. And the fact that plaintiff, more than two years afterward, filed an amended petition giving their names would not give the court jurisdiction, without service on said amended petition. Sayles' Civ. Stats., arts. 1195, 1215; Weems v. Sheriff, 48 Texas, 481.

3. This suit having been dismissed for want of prosecution, it was error to reinstate said cause on the docket more than three months afterward, without giving defendants some notice thereof. Sayles' Civ. Stats., arts. 1454, 1456; 1 Texas, 523; 21 Texas, 667.

*Brown & Bliss,* for defendant in error.—1. The judgment of the court below fully disposes of the case as to all the defendants in the suit. Sugg v. Thornton, 73 Texas, 670; Dyer v. Sullivan, 18 Texas, 773; Cole v. Terrell, 71 Texas, 557; Heck v. Martin, 75 Texas, 469; Linn v. Arambould, 55 Texas, 619; Hipp v. Huchett, 4 Texas, 20; Ray v. Law, 3 Cranch, 179; Whiting v. Bank, 13 Pet., 6; Brownson v. Railway, 2 Black, 531; Morris v. Morange, 38 N. Y., 172; Myers v. Mann, 63 Ill., 211.

2. The judgment recites that all the defendants had been cited by personal service. Hopkins v. Donoho, 4 Texas, 336; Smith v. Taylor, 34 Texas, 603; Callison v. Autry, 4 Texas, 371; Hall v. Jackson, 3 Texas, 305.

3. If it be true that the court erred in rendering judgment against William Shockley and Mollie Shockley for any reason, they not having joined in this writ of error nor assigned error, these plaintiffs in error can not take advantage of errors committed against their said codefendants which errors do not affect the plaintiffs in error. Lacy v. Williams, 8 Texas, 182; Womack v. Womack, 8 Texas, 417; Mercer v. Hall, 2 Texas,

284; Bullock v. Hayter, 24 Texas, 9; Guerin v. Patterson, 55 Texas, 126; Ross v. McGowen, 58 Texas, 608; Bank v. Clare, 76 Texas, 47.

4. The petition alleged that the names of the plaintiffs in error were unknown, but described them, and service was had upon them by their proper names; the court appointed a guardian ad litem for them, who appeared and defended the suit, and this court will not review the action of the District Court in that matter. Smith v. Taylor, 34 Texas, 589.

HEAD, ASSOCIATE JUSTICE.—This writ of error is prosecuted to reverse a judgment by default rendered on the 19th of May, 1883, in favor of defendant in error against Mollie Shockley, for the sum of $441.71, and foreclosing the vendor's lien on block 42 in the city of Denison. The original petition in the case in which the judgment was rendered alleged, that on the 17th of January, 1877, L. W. Carlton and Mollie Carlton, his wife, executed the note sued on, since which L. W. Carleton has died, leaving surviving him his said wife and three minor children whose given names were unknown to plaintiff, but all of whom resided in Grayson County, Texas; that L. W. Carleton died intestate, and there had been no administration on his estate. This petition contains no distinct averment that the note sued on was given for the land upon which the lien was foreclosed, but the note was copied in the petition, and it recited this fact, and also that it was secured by a deed of trust on said property; and the prayer of the petition was for judgment for the debt, interest, and costs, and for a foreclosure of his lien upon said land, and for general and special relief.

The citation commanded the sheriff to summon Mollie Carlton, —— Carlton, —— Carlton, and —— Carlton. The return on the citation shows that it was executed on the 11th day of February, 1882, by delivering to Curtis A. Carlton, Rosa Carlton, Ernest Carlton, and Mollie Carlton, alias Mollie Shockley, each in person, a true copy of the citation.

On September 12, 1882, the case seems to have been dismissed by the court upon its own motion, for want of prosecution. On December 20, 1882, and at the same term of the court at which the dismissal was had, the court, upon motion of the plaintiff, without notice to the defendants, reinstated the case.

On March 5, 1883, defendant in error filed an amended original petition, alleging the loss of the note by his attorney, and that since the institution of the suit the defendant Mollie Carleton had married William Shockley; that the given names of the other defendants were as stated in the sheriff's return; that the note was given for a part of the purchase money of block 42 in the city of Denison; and concluded with a prayer for citation to the defendants to answer said amended petition, for the appointment of a guardian ad litem for the minor defendants, and for judgment for his debt and foreclosure of his lien. At the same term of

the court, J. R. Cox was appointed guardian ad litem as prayed for in the petition, and answered for the minors, denying all the allegations in the petition, "except the making and executing of the note and the purchase of the land mentioned;" and on the next day judgment by default was rendered in favor of plaintiff for the balance due on the note against the defendant Mollie Shockley, and foreclosing the vendor's lien as above set forth.

The defendant in error moves to dismiss the writ of error, on the ground that plaintiffs in error are seeking to prosecute the same by a next friend instead of by their guardian ad litem appointed by the court to represent their interests in the controversy; the contention being that he alone has the right to say whether or not the case shall be brought for revision to this court. The question presented is not without difficulty, but we are of opinion that the motion is not well taken. Statutes regulating the practice in suits instituted in behalf of or against infants are generally enacted for their protection, and are not to be used to their injury, they being generally regarded as wards of the court, whose interests are not to be sacrificed through unnecessary technicalities.

In Robson v. Osborne, 13 Texas, 298, it is said: "It seems that, in general, any one who will undertake the office may be the prochein amy of an infant, and may maintain the suit in that capacity, if it appears to the court to be for the benefit of the infant. And although an infant has a guardian assigned him by the court, or appointed by will, yet where he is plaintiff, the course in chancery, it is said, is not to call the guardian by that name, but to call him the next friend. Bradley v. Amidon, 10 Paige, 235; Dan. Chan. Prac., 89. An infant may sue by his next friend, notwithstanding he have a guardian, if the guardian do not dissent. Thomas v. Dike, 11 Vt., 273; Dan. Chan. Prac., ch. 3, part 2, title 'Infants.' A fortiori, he may do so where the guardian has left the country, and has failed in the performance of duties which devolved upon him for the preservation of the rights of his ward."

In this case it is not made to appear that the guardian ad litem has left the country; but it seems that he has failed to bring the case before this court for a period of about eight years, from which it may be inferred that he has no intention of doing so. It does not appear, however, from the record that he objects to the prosecution of this writ of error, and we are of opinion that under the circumstances the minors against whom the judgment was rendered should not be denied the right to a hearing in this court when their interests are presented by a prochein amy. We believe these views are sustained by the reasoning of our Supreme Court, after full consideration on rehearing in the case of Brooke v. Clark, 57 Texas, 105. The motion to dismiss the writ of error will therefore be overruled.

Upon its merits, the case presents the anomaly of plaintiffs in error

bringing before us for revision a judgment which they contend is not final because it does not dispose of all the parties to the controversy. If the judgment, as contended for by them, is not final, we would have no jurisdiction further than to dismiss the writ of error at their cost; but upon examination, we are of opinion that the judgment complained of does finally dispose of the entire subject matter of the controversy as to all of the parties. The plaintiff in the court below did not seek a personal judgment against any of the defendants except Mrs. Mollie Shockley, against whom it was rendered, and the defendant William Shockley was only made a party pro forma as husband of his codefendant, and the other defendants were made parties as the heirs of the deceased L. W. Carlton, no judgment being sought against them except a foreclosure of the vendor's lien upon the land for which the note was given; and we think the effect of the judgment was to foreclose the lien against all of the parties to the suit, although they were not specifically named in the clause granting such foreclosure.

Plaintiffs in error, in their first proposition under their first assignment, contend that the judgment by default against them was erroneous, because their given names were not stated in the original petition, nor in the citation served upon them, and no citation was issued upon or service had under the amended petition, and we believe this objection to the judgment to be well taken. The original petition alleged that these parties resided in the county in which the suit was instituted, and gave no reason why their names could not be ascertained. We have a statute which authorizes a suit against unknown heirs, and in such cases service is had by publication. Rev. Stats., art. 1236. Where personal service is sought, one of the requirements of the statute is that the citation shall contain the names of all the parties. Rev. Stats., art. 1215.

The question presented to us is not whether the judgment, for the reasons here indicated, would be void upon collateral attack, but the question is, was the proceeding regular? We are constrained to hold that it was not. Appellee seeks to sustain the judgment upon the ground, that inasmuch as it contains a recital that all the defendants had been cited by personal service, this should be presumed, and that we should presume that service had been had upon the amended petition as prayed for therein; but this position can not be sustained. To sustain a judgment by default on appeal, the record must show good service outside of the recital in the judgment. Burditt v. Howth, 45 Texas, 466; Fitch v. Boyer, 51 Texas, 344; Wheeler v. Ahrenbeak, 54 Texas, 536; Treadway v. Eastburn, 57 Texas, 214; Hart v. Weatherford, 19 Texas, 57. Besides, it will be observed that a judgment by default was taken at the same term at which the amendment was filed, and it would seem that the service recited in the judgment could not have been had. It is true William Shock-

ley might have accepted service, but the minors could only have been served in the regular way. Wheeler v. Ahrenbeak, supra.

Plaintiffs in error, in their third and fifth assignments, seek to take advantage of the alleged irregularity in rendering a personal judgment against the defendant Mrs. Mollie Shockley without service upon her husband, and also because it appears from the petition that she was a married woman at the time she signed the note, but as she is not a party to this writ of error, we are of opinion that these assignments should not be considered.

We are of opinion that the court below had the power to reinstate the case after its dismissal at the same term, without notice to the defendants. Hooker v. Williamson, 60 Texas, 524; Wood v. Wheeler, 7 Texas, 13; Blum v. Wettermark, 58 Texas, 125; Williams v. Huling, 43 Texas, 113.

For the error above indicated, we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 9, 1893.