### JAMES PARTRIDGE v. J. E. WOOTON.

Decided December 10, 1910.

**1.—Judgment Nunc Pro Tunc—Evidence—Statute.**

Under the provisions of article 1356, Revised Statutes, a trial court, in a proceeding to enter judgment *nunc pro tunc,* may act upon its own recollection or upon such legal evidence, oral or otherwise, as to the court may seem proper and sufficient. Hence, formal bills of exception found in the record, may be used for such purpose.

**2.—Same—Appeal—Computation of Time.**

In computing the time within which an appeal must be perfected from a judgment entered *nunc pro tunc,* the date of such order, and not the date of the original judgment, should be used.

**3.—Same—Jurisdiction.**

An appellate court has no jurisdiction of a cause in which there is no final judgment.

**4.—Same—Final Judgment.**

A judgment which does not dispose of a plea in reconvention by the defendant, is not a final judgment; and when such failure is due to the negligence of the clerk of the court the successful party is entitled to have the judgment show the action of the court thereon, and so make it final.

**5.—Contract of Sale—Promissory Note—Failure of Consideration—Pleading.**

Under a plea of a total failure of consideration of a note sued upon, the defendant may prove a partial failure.

**6.—Same—Return of Property.**

When property sold proves to be worthless and without market value at the place of sale, the purchaser is not required to return or offer to return the same in order to successfully defend against a suit for the purchase money.

**7.—Same—Partial Failure of Consideration—Practice.**

In a suit upon a promissory note, the defense being that it was given for the purchase money of personal property which had proven to be worthless, and that defendant was induced to buy the same and give the note therefor by the false representations of the plaintiff, the issues thus presented are for the jury; and in the event they find that the property has some value, the defendant would be liable for only such value with interest thereon.

Appeal from the County Court of Haskell County. Tried below before Hon. Joe Irby.

*W. H. Murchison,* for appellant.—Whether or not the tendering of the jack by the vendee to the vendor, 12 months after purchase money note for said jack had matured, "came too late," thereby constituting a waiver by vendee of warranties made to him by the vendor at the time of the sale of jack, is a question of fact to be determined from the evidence, and not a presumption of law to be indulged by sustaining of the exception to a plea of tender. Ash v. Beck, 68 S. W., 53; Evans v. Goggin, 23 S. W., 854; Hayden v. Houghton, 24 S. W., 803.

If an article sold on warranty of quality is worthless, a retention of it does not preclude the purchaser from defeating recovery on a note in the hands of the original payee given for the purchase price of the article. Ash v. Beck, 68 S. W., 53; Evans v. Goggan, 23 S. W., 854; Hayden v. Houghton, 24 S. W., 803; Houchins v. Williams Bros., 25 S. W., 730; Brantley v. Thomas, 22 Texas, 275.

What the trial judge remembers as explanatory of error in rendering judgment, can not be made available in a motion to amend a judgment or to enter an order *nunc pro tunc,* making such judgment final. Art. 1357, Rev. Stats; Missouri Pacific Ry. Co. v. Haynes, 82 Texas, 448; Messner v. Hutchings, 17 Texas, 597; Ximenes v. Ximenes, 43 Texas, 464; McConkey v. Henderson, 24 Texas, 212.

*H. G. McConnell* and *Gordon B. McGuire,* for appellee.—A person continuing in the use or possession of property loses his right to rescind.

9 Cyc., pp. 436-7, and authorities there cited; Herman v. Haffenegger, 54 California, 161.

To be relieved of a tender, the property must be totally worthless to both parties. 9 Cyc., p. 439; Perley v. Balch, 23 Pick., 283, 34 Am. Dec., 561; Bassett v. Brown, 105 Mass., 551.

A court has the authority to enter an order *nunc pro tunc* as to matters that are shown in some writing in the cause, which directly or by fair inference indicates the purpose of the entry so sought to be made; and the bills of exception Nos. 1, 2 and 3 introduced in this cause, being a part of the record in said cause and showing affirmatively the action of the court in the matters raised, were admissible in evidence, and the court did not err in permitting plaintiff to introduce same and in granting his motion to enter the order *nunc pro tunc.* Miller v. Richardson, 38 Texas, 500; St. Francis Mill Co. v. Sugg, 142 Mo., 358, 44 S. W., 247; Gilmore v. Harp, 92 Mo. App., 386; 11 Cyc., p. 764.

CONNER, CHIEF JUSTICE.—On the 13th day of January, 1904, appellee, J. E. Wooton, instituted this suit in a Justice Court of Haskell County upon a note executed by appellant, James Partridge, dated April 30, 1903, for the sum of one hundred dollars, together with interest at the rate of ten per cent. per annum and attorney's fees of ten per cent. of the amount of the note. A trial in the Justice Court resulted in a judgment for the plaintiff in the suit, and the defendant, James Partridge, duly prosecuted an appeal to the County Court. In the County Court the defendant filed formal amended answer in writing in which, by special plea duly verified, he alleged that the note had been executed by him for the purchase money of a certain jack, bought, as the plaintiff well knew, for the purpose of breeding mules; that the plaintiff had represented the jack to be "a good foal getter"; that he had relied upon the representations made and was induced thereby to purchase the jack and execute the note; that "such representation was false and said jack was and is utterly worthless and of no value to the defendant, James Partridge." He therefore alleged that the consideration for the note had failed, and he prayed that the note be canceled, and for general relief. Appellant further presented in the County Court a special plea in the nature of a cross action for damages in the sum of two hundred dollars because of the false representations alleged.

A trial in the County Court was had on the 20th day of January, 1908, which resulted in a verdict and judgment for appellee, and appellant prosecuted an appeal to this court, which, on December 19, 1908, was dismissed for want of a final judgment, it not appearing that the judgment in any manner disposed of appellant's cross plea for damages. (See unpublished conclusions in the case of James Partridge v. J. E. Wooton, No. 5876.) On the 15th day of October, 1909, appellee Wooton filed in the County Court a petition for a *nunc pro tunc* order showing that appellant's cross bill had been disposed of by the court's

ruling upon a general demurrer 'to appellant's said cross plea. Upon a hearing of the motion on October 20, 1909, the County Court granted it, and thereby, in effect, rendered the original judgment of the County Court final. To this proceeding appellant urged a number of objections, and has again appealed from the original judgment.

Several preliminary questions have been presented on this appeal, of which we will first dispose. Appellant first questions the admissibility of the evidence upon which the court acted in entering the *nunc pro tunc* order. This evidence consisted of formal bills of exception, duly made and filed at the time, to the original action of the court in sustaining appellee's demurrer to appellant's cross action for damages. While some authorities, including some of the earlier decisions of our own courts, seem to support appellant's contention, we think it now settled in this State that in the correction of a judgment as authorized by the Revised Statutes (article 1356), the court may act upon his own recollection or upon such legal evidence, oral or otherwise, as to the court may seem proper. (See Ft. Worth & D. C. Ry. Co. v. Roberts, 98 Texas, 42; see, also, Freeman on Judgments, sec. 53.) No error, therefore, was committed in the particular mentioned.

Appellee, in turn, insists that the appeal should be dismissed because not prosecuted within the proper time, his insistence being that the time for an appeal to this court should be computed from the 20th of January, 1908, the date of the original judgment, instead of from the date of the entry of the *nunc pro tunc* order. If from the former date, appellant has lost his right of appeal; if from the latter date, it is conceded that the appeal now before us has been properly prosecuted. To aid us in the solution of the question thus presented no authorities of our own have been presented, nor, indeed, have we been cited to or able to find anything directly in point. In speaking of the entry of judgments *nunc pro tunc,* Mr. Freeman, in his work on Judgments (fourth edition), volume 1, section 67, among other things, says that: "For most purposes, the effect of the judgment is not different from what it would be had it not been entered *nunc pro tunc,* because until its rendition no proceedings could be taken for its enforcement. Therefore the statute of limitations does not commence to run against an action upon it until the date of its actual rendition," citing Borer v. Chapman, 119 U. S., 587, which sustains the text.

In the case cited, among other things relating to the *nunc pro tunc* entry there considered, the court said: "The date of the entry is by a fiction of law made and considered to be the true date of the judgment for one purpose only, and that is to bind the defendant by the obligation of the judgment entered as of a date when he was in full life; but the right of the complainant in this appeal to enforce that judgment by the present proceeding certainly did not begin until after the judgment in that form was actually entered. Until that time the right was in abeyance; the litigation had, until thus ended, been continuously in progress. It can not be that the statute of limitations will

be allowed to commence to run against a right until that right has accrued in a shape to be effectually enforced."

In the case of Coe v. Erb, 59 Ohio St., 259, reported in 69 Am. St. Rep., 764, it was held that the entry of a judgment *nunc pro tunc* would not be held effective as a lien against a purchaser of real property from the judgment debtor without notice of the judgment, prior to its actual entry. So, in Fewlass v. Keesham, 88 Fed., 573, it was held that limitation did not begin to run against an action on a cost bond until the rendition of the judgment for costs against the principal, and that the fact that such judgment was entered *nunc pro tunc* as of a prior date did not affect the operation of the statute.

So that, it seems to us, whatever may be said under other circumstances, appellant's right of appeal extended, not from the original entry of the judgment, but from the date of the entry of the *nunc pro tunc* order which rendered the original judgment effective. The court's order upon general demurrer, dismissing appellant's cross action for damages, ought to have appeared in the original judgment entry; but, as appears from the recitation in the *nunc pro tunc* order, its omission was due to the failure of the clerk, and appellant should not be prejudiced in his right of appeal thereby. The judgment, as formerly adjudicated by this court, was not final. Appellee recognized its unenforceability and sought its correction by the *nunc pro tunc* order. Until it was final we were without jurisdiction. At no period prior to the entry of the *nunc pro tunc* judgment could appellant successfully prosecute an appeal, and we, therefore, hold that his appeal has been taken in due time. O. C. & T. Ry. Co. v. Magee, 132 S. W., 901.

This brings us to a consideration of the merits of the appeal. Among other things, the court charged the jury that: "Before you can render a verdict for the defendant in this cause you must first find from the evidence that defendant returned or offered to return within a reasonable time after the execution of the note, the jack in question." Error is assigned to this charge, and we think the assignment must be sustained. The court had sustained an exception to that part of appellant's plea of failure of consideration tendering the jack in question, and while the plea prayed for cancellation of the note, its substance was one of a total failure of consideration, under which appellant would be entitled by way of damages to a partial failure, if proven, notwithstanding a retention of the jack, if retention there was. See Suttle v. Hutchinson, 31 S. W., 211; Ford v. Oliphant, 32 S. W., 437; Mills v. Johnson, 3 Texas Civ. App., 359 (22 S. W., 530); Wintz v. Morrison, 17 Texas, 372.

Moreover, several witnesses testified to the effect that the jack was useless for the purpose for which he was purchased. Appellant testified that he was "absolutely worthless" to him . . .; that "the jack was no account . . ." "I bought that jack for five years old, but he was three fives. . . ." "After I had discovered the true condition of the jack, he had no market value at all." It is true that appellant

stated on cross-examination that, in testifying that the jack had no market value, he had reference to his value for breeding purposes only, but that if he was in good condition "he could have been made a pack mule out of if we had him in Old Mexico"; that he was too contrary to plow or work in a wagon; that the only place that the jack would have any value would be in Old Mexico; and appellee testified to the effect that he had known several smaller animals sold in his neighborhood from fifteen to twenty dollars apiece as work animals and for children to ride. Appellant's testimony, we think, undoubtedly tended to show that the jack was worthless and without a market value in this country, and, if so, in no event was a return or tender necessary in order to entitle defendant to relief. The court's charge, however, took this issue from the jury, and in effect amounted to a peremptory instruction in appellee's behalf, inasmuch as it is undisputed in the evidence that appellant never tendered to appellee the jack in return. See Ash v. Beck, 68 S. W., 55; Thiele v. Axell, 5 Texas Civ. App., 548 (24 S. W., 803).

Other assignments not disposed of by what we have said need not be noticed, further than to say that, as presented, the court committed no error in refusing appellant's special charge No. 3, for the reason that in effect it assumed that the jack was wholly without value. This, as has been indicated, was an issue for the jury, and should the jury find that the jack had a value, then, at most, appellant, upon a finding in his favor of the false representations alleged by him, would be only liable for such value, with interest, etc.

For the error in the charge of the court quoted, it is ordered that the judgment be reversed and the cause be remanded.

*Reversed and remanded.*