## COX et al. v. FRANZ.

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1912.)

APPEAL AND ERROR (§ 711*)—REVIEW—RECORD—SUFFICIENCY—NOTICE OF APPEAL.

Where the record on appeal from the county court of a case arising in the justice's court showed a judgment in the county court, which recited that defendant was duly and legally cited to appear in answer, but failed to recite that any notice of the appeal from the justice's court was served, such record was insufficient to show that the county court was authorized to render a default judgment under Rev. St. 1895, art. 1670, providing that default judgment may be rendered in a case appealed from the justice's court, where the defendant has been duly notified and fails to appear.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 711.*]

Error from Matagorda County Court; W. S. Holman, Judge.

Action by P. F. Franz against J. R. Cox and another. From a judgment for plaintiff, defendants bring error. Reversed and remanded.

W. C. Carpenter and W. D. Wilson, for plaintiffs in error. E. E. Bateman, R. R. Lewis, and Linn, Conger & Austin, for defendant in error.

MOURSUND, J. Defendant in error, P. F. Franz, sued plaintiffs in error, J. R. Cox and Jesse Cox, in justice's court of precinct No. 7 of Matagorda county, for $125, alleged to be due him as commissions for negotiating the sale of a lot for plaintiffs in error. On trial judgment was rendered in favor of plaintiffs in error. Defendant filed appeal bond, but no notice of appeal appears of record in the cause. On November 22, 1910, judgment by default was rendered in the county court, containing the following recital: "And the defendant, though duly and legally cited to appear and answer herein, but having wholly made default, the court, after hearing the pleadings, the evidence, and argument of counsel, is of the opinion that the law and the evidence is with plaintiff." Defendants below bring the cause to this court on a writ of error, and seek to reverse the judgment because no notice in writing of the appeal from the justice's court to the county court was served upon them, their agents or attorneys, and they have entered no appearance in said cause, and also because they had no notice whatever of such appeal.

Article 1670, Revised Statutes, provides that, where a case is appealed from the justice court upon the call of the docket upon appearance day in the court to which the appeal is taken, if the appellee fails to appear in person, or by attorney, the case shall be continued unless it is shown to the court that notice of the appeal has been given as thereinafter provided; and no judgment by default shall at any time be rendered against an appellee whose appearance has not been entered in the case unless and until it is made to appear to the court that notice in writing of such appeal has been served upon the appellee, his agent or attorney, at least five days before the first day of the term at which such judgment by default is sought to be taken. Defendant in error contends that the recital contained in the judgment in the words, "though duly and legally cited to appear and answer herein," is conclusive upon the question of notice of appeal having been given. We cannot agree to this contention. The recital of service to appear and answer is not equivalent to a recital that notice of appeal was served. The transcript contains no notice served by defendant in error upon plaintiffs in error, or their agent or attorney, showing the appeal of the case from the justice court to the county court, and there is nothing in the record to show that plaintiffs in error ever waived such notice or entered an appearance in the county court. This being the case, the record does not show that the court was authorized to render the judgment by default, and we hold that the judgment was premature. Wren v. Kirsey, 30 S. W. 252; Burditt v. Howth, 45 Tex. 466; Carlton v. Miller, 2 Tex. Civ. App. 619, 21 S. W. 697; Shook v. Laufer, 84 S. W. 277; G., C. & S. F. Ry. Co. v. Eastham, 54 S. W. 649.

The judgment is reversed, and the cause remanded.