MOORE v. CHAPMAN et al. (No. 6639.)

(Court of Civil Appeals of Texas. Galveston. June 2, 1914. Rehearing Denied June 18, 1914.)

NEW TRIAL (§ 163*)—ORDER GRANTING—CORRECTION OF ENTRY—EVIDENCE.

Where, in a suit to correct an order entered on the minutes, which, as entered, showed that a motion for new trial was overruled, while in fact it was granted, the presiding judge testified that he granted the motion, but did not dictate the order appearing in the minutes, and that the signing of the minutes showing the overruling of the motion was a mistake, and the motion docket showing the granting of the motion for new trial was received in evidence, the court properly granted relief by the entry of a nunc pro tunc order correcting the entry so as to show the granting of the motion.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 330–332; Dec. Dig. § 163.*]

Appeal from District Court, Tyler County; A. E. Davis, Judge.

Action by J. R. Chapman and others against Sim Moore. From a judgment for plaintiffs, defendant appeals. Affirmed.

Joe W. Thomas and Joe A. Harper, both of Woodville, for appellant. Andrews, Ball & Streetman, of Houston, and Terry, Cavin & Mills, of Galveston, for appellees.

McMEANS, J. Appellee Chapman brought this suit to correct an order entered on the minutes, which, as entered, shows that the defendants' motion for a new trial in cause No. 3130, styled Sim Moore v. J. R. Chapman et al., was overruled, but which motion they alleged was in fact granted. He alleged: That, during the term at which the judgment against him for the land in controversy was rendered, he filed a motion for a new trial, which during that term was acted on by the court and the motion granted; the judge making a notation on his motion docket as follows: "Motion for new trial granted." That the court adjourned on the same day, and that the order granting said motion for a new trial was not properly or correctly carried into the minutes, but by inadvertence and mistake the following order was carried into said case, viz.:

"This day came on to be heard defendant's motion for a new trial, all parties announced ready thereon, and, after hearing said motion read and argument of counsel, the court is of the opinion that the law is against the motion. It is therefore ordered, adjudged, and decreed by the court that the defendant Sim Moore's

motion for a new trial be and the same is hereby denied, and the same is overruled."

That there had been at that time pending in the court a certain case, entitled J. R. Chapman et al. v. Sam Chambliss et al., and that by inadvertence and mistake the two causes were confused in carrying the order granting to the defendant a new trial in the Moore Case into the minutes, and the minutes did not in fact speak the truth as to the order entered on the motion for a new trial in the Moore Case. He further alleged that neither he nor his attorneys knew of the erroneous entry of the order, and hence did not appeal therefrom, but filed this suit as an independent action. He prayed that the said order as entered into the minutes be set aside, and that the minutes be made to correctly speak the order which was actually made by the judge granting the defendant's motion for a new trial. The appellant Moore answered by general denial and specially aleged that the entry of the order in the minutes overruling appellee's motion for a new trial was not the result of mistake or inadvertence, but in accordance with the order deliberately made by the judge presiding. A trial before the court without a jury resulted in a judgment vacating and setting aside the order as entered on the minutes and declaring the same to be void and of no effect, and decreeing that in lieu thereof the following order be entered in said case nunc pro tunc:

"On this the 17th day of August, 1912, at this the regular July, 1912, term of this court, there came on to be heard in regular order the motion of defendant J. R. Chapman herein for a new trial of this cause, and the court, having fully considered said motion and having heard argument of counsel thereon, is of the opinion that said motion is well taken and should be granted. It is accordingly ordered, adjudged, and decreed that the judgment heretofore at this term rendered in this cause, and the verdict of the jury upon which said judgment was rendered, be, and the same are hereby, set aside, vacated, and annulled, and that the motion of the said defendant J. R. Chapman for a new trial of this cause be, and the same is hereby, in all things granted."

From this judgment the appellant Moore has prosecuted this appeal.

Appellant by his first assignment of error complains that the action of the court in setting aside the order as entered in the minutes, denying appellee's motion for a new trial, was erroneous for the reason that the order had been duly entered and approved by the court, and that defendant's only remedy was to appeal therefrom, and that the order, as entered in the minutes, could not be impeached by oral testimony, and that there was no legal testimony to impeach said order. He contends by his proposition under this assignment that:

"A court is without power or authority to gainsay its orders and decrees rendered at a former term by setting them aside and rendering another and different order, especially so when its action is based upon parol testimony."

The following testimony offered at the trial was uncontradicted: Judge W. B. Powell was the judge who tried the case of Sim Moore v. J. R. Chapman et al. (No. 3130), and who heard the motion for a new trial presented by appellee in that case. He was afterwards succeeded by Judge A. E. Davis, who presided at the hearing from which this appeal resulted. Judge Powell testified that he passed upon the questions raised by Chapman's motion for a new trial in the case of Moore v. Chapman (No. 3130), and that he granted the motion, and that there was an order on the judge's motion docket made by him granting the motion; that he did not dictate the order as the same appears in the minutes, but that it was written up by the clerk; that there was considerable hurry that afternoon in getting the minutes written up, as court was about to adjourn, and that it was a mistake on his part if the minutes showed any order overruling the motion; that when he signed the minutes he thought they contained an order granting the motion; that the reason he remembered granting the motion was that it raised a new question upon which he was of the impression that he had committed error on the trial.

Appellee introduced in evidence the order upon the motion docket granting defendant's motion for new trial in cause No. 3130, Moore v. Chapman et al. It was shown that none of the attorneys for Chapman were present when the motion was acted on, but that they were informed by the court official that it had been granted.

The action of the court did not in any way gainsay any order rendered by it at the former term by rendering another and different order. The court found that the order entered in the minutes at the former term overruling the defendant's motion for a new trial did not speak the truth, and the only effect of the judgment appealed from is to correct the minutes so as to cause them to correctly reflect the order which was actually made. This the court had power to do and it was its duty to do under the facts proven. The fact that the corrected judgment is based partly upon parol testimony, or even had it been based wholly upon parol testimony, does not in any way affect the sufficiency of the evidence to sustain such judgment. Article 2015, Revised Statutes 1911; Blum v. Neilson, 59 Tex. 378; Hickey v. Behrens, 75 Tex. 488, 12 S. W. 679; Railway v. Roberts, 98 Tex. 42, 81 S. W. 25; Partridge v. Wooten, 137 S. W. 412; Coleman v. Zapp, 105 Tex. 491, 151 S. W. 1040. And such correction could be made upon the judge's personal recollection of the fact that the order had been made. State v. Larkin, 41 Tex. Civ. App. 253, 90 S. W. 916; Slayden v. Palmo, 90 S. W. 908. The assignment is overruled.

We have examined all of appellant's assignments of error and are of the opinion that none of them points out reversible error. The judgment of the court below is affirmed.

Affirmed.