### PARNELL v. BARRON. (No. 2308.)

(Court of Civil Appeals of Texas. Amarillo. April 9, 1924. Rehearing Denied May 14, 1924.)

1. **Dismissal and nonsuit** ⬅81(7)—**Order of reinstatement properly entered nunc pro tunc.**

Where order setting aside judgment of dismissal and reinstating case was made during same term, an order at subsequent term that the prior order be entered nunc pro tunc was proper.

### On Motion for Rehearing.

2. **Dismissal and nonsuit** ⬅81(7)—**Order entered at subsequent term nunc pro tunc on oral testimony and court's recollection.**

Where, after dismissal of case for want of prosecution, an order, reinstating it, made at the previous term, although not entered on judge's docket and without memorandum preserved, may properly be entered nunc pro tunc, on oral testimony and judge's own recollection.

3. **Dismissal and nonsuit** ⬅81(4)—**Trial judge may reinstate case on plaintiff's motion without notice.**

Trial judge who has dismissed case for want of prosecution may at same term reinstate it on plaintiff's motion without notice to defendant.

4. **Judgment** ⬅271—**Motions** ⬅56(1)—**Entry may be made at subsequent term upon trial judge's personal recollection.**

Entry of order or judgment may be made on trial judge's motion at subsequent term on

his personal recollection, which must be given dignity and force of evidence.

**5. Appeal and error ☞662(1)—In absence of statement, proceedings in transcript control.**

Where appeal is on transcript alone without statement of facts, proceedings in transcript control.

**6. Pleading ☞403(3)—Petition in suit for rent held cured by answer.**

Original petition in suit for rent, if defective in not declaring on written contract, *held* cured by answer alleging written lease.

**7. Appeal and error ☞260(1)—Rulings on admission of evidence do not present fundamental error.**

Admission and exclusion of evidence do not present question of fundamental error reviewable in absence of exception.

**8. Appeal and error ☞248—Except fundamental errors only errors excepted to considered.**

Appellate courts are limited in consideration of appeals to such errors as are properly excepted to in lower courts save as to fundamental errors.

**9. Appeal and error ☞750(1) — Assignment of error in setting aside proceedings subsequent to order of dismissal sufficient for review.**

Where trial court at subsequent term properly entered order nunc pro tunc setting aside order of dismissal of case for want of prosecution and case proceeded to judgment and thereafter trial court set aside all proceedings subsequent to order of dismissal on ground that he had no jurisdiction to try case, assignment of error and proposition that he was authorized to enter such order nunc pro tunc were sufficient to call in review error in setting aside proceedings subsequent to order of dismissal.

Error from Wichita County Court; Guy Rogers, Judge.

Action by J. D. Parnell against H. K. Barron. Judgment granted defendant's motion for new trial and set aside judgment for plaintiff, and plaintiff brings error. Reversed and rendered.

B. L. Morgan and Carrigan, Montgomery, Britain, Morgan & King, all of Wichita Falls, for plaintiff in error.

Martin & Oneal and J. V. Allred, all of Wichita Falls, for defendant in error.

HALL, C. J. Plaintiff in error Parnell, doing business under the name of Call-Field Addition, sued defendant in error Barron upon an open account for goods, wares, and merchandise and for rent alleged to be due by defendant upon the lease of a certain building. The petition was filed February 8, 1921. The case remained on the docket until the October term, 1922, when it was dismissed by the court for want of prosecution and entry of such dismissal made on the judge's docket. Shortly thereafter, and during the same term of the court, Parnell filed a motion to have the judgment of dismissal set aside and to enter an order to that effect nunc pro tunc, as of December 1st, further praying that the case be set down for trial in its regular order. This motion was filed December 12, 1922. The order granting the motion recites that the cause was dismissed for want of prosecution at the October term, 1922, and that shortly thereafter, and during the October term of the court, it was reinstated and set down for trial, but that no entry on the trial docket was made to that effect, and the court then directs that the order be entered nunc pro tunc as of date December 1, 1922, and that the case be set down for trial in its regular order. No notice of the filing of said motion or of the entry of said order was given to Barron. On December 12, 1922, the plaintiff filed his amended petition, alleging that in making the rental contract plaintiff was acting by and through his duly authorized and qualified agent, L. L. Albritton, "who in making said contract was acting for plaintiff herein." The case was called for trial that day, and the defendant objected to trial for the reason that the case had been dismissed on October 30, 1922, at a previous term, when a final judgment of dismissal had been rendered, which objections were overruled and the case proceeded to trial before a jury. On the following day plaintiff Parnell filed a motion, praying the court to set aside the judgment of dismissal rendered and entered at the former term of said court, viz., on October 30, 1922, and to enter an order nunc pro tunc as of December 1, 1922. The defendant in error contends that the motion and judgment referred to above and which, according to the record, are dated on December 12th, were filed and entered on December 13th and dated back one day. This contention is sustained by the court's bill of exceptions. On January 19, 1923, defendant filed a motion for new trial and praying that the cause be dismissed. In this motion he insisted that the court had no jurisdiction to try the cause on and after the 30th day of October, 1922, when the case had been dismissed. The motion further recites that there was no record evidence of any application being made on December 1, 1922, or at any time until after the trial on December 12, 1922, to set the judgment of dismissal of date October 30, 1922, aside; that there was no record evidence or memorandum whatever or any action or order by the court on December 1, 1922, or any time theretofore or thereafter, showing that the judgment of dismissal had been set aside and reinstating the cause. On February 1, 1923, the court sustained this motion of the defendant for a new trial and set aside the final judgment.

The plaintiff in error brings the case to this court without a statement of facts up-

on a transcript alone, and urges the following proposition:

"An order made by a court at a previous term, although there is no entry of the same upon the judge's docket, and no memorandum of such order is preserved, the judge may properly enter same nunc pro tunc upon oral testimony and his own recollection."

We think this proposition is sound. The bill of exceptions recites that the case was set for trial during the October term, 1922, and was by the court at that time dismissed for want of prosecution; that notation thereof was made upon the court's docket on October 30, 1922, and a judgment of dismissal entered in the minutes of the court; that thereafter and during the same term of court, the plaintiff appeared in open court in person and advised the court that he had intended and did intend to prosecute the cause, and asked that the case be reinstated and that the order of dismissal be set aside, which request was by the court granted, and the cause was at that time set down for a day in the next succeeding term of the court at which time the case was called and tried. The bill, which is evidently made out by the trial judge, further recites that no written pleadings were filed during the October term of the court, asking for the setting aside of said order of dismissal, and no notation on the court's action in reinstating the cause was noted upon the court's docket. But upon an application in writing, after trial, in the next succeeding term of the court, the court entered an order nunc pro tunc, reinstating said cause of action as of December 1, 1922, same being the date in which the plaintiff appeared in person in court, asked for and was granted a reinstatement of the case. The court could, of his own motion, and at the same term, set aside an order dismissing a case without the service of notice upon the defendant. Carlton v. Miller, 2 Tex. Civ. App. 619, 21 S. W. 697; Cohen v. Moore, 101 Tex. 45, 104 S. W. 1053; Tammen v. Schaefer, 45 Tex. Civ. App. 522, 101 S. W. 468; Blum v. Wettermark, 58 Tex. 125; Garza v. Baker, 58 Tex. 483. Moreover, the court had authority at the succeeding term to enter nunc pro tunc the order setting aside the judgment of dismissal without the introduction of any evidence, and even in the absence of any notation upon his docket. Dowdle v. U. S. Fidelity & G. Co. (Tex. Com. App.) 255 S. W. 388. His personal recollection was sufficient. State v. Larkin, 41 Tex. Civ. App. 253, 90 S. W. 916; Moore v. Chapman (Tex. Civ. App.) 168 S. W. 6.

[1] In the bill of exceptions referred to above, the court expressly states that his order setting aside the judgment of dismissal and reinstating the case was actually made and during the same term of court. This being true, the order of December 12, 1922, was properly entered, and the case stood for trial regularly upon the docket of the court. After the case was tried, resulting in a judgment for plaintiff Parnell, then the court set the judgment aside, together with his previous order of December 12, 1922, which we think is error. The judgment is therefore reversed and is here rendered, reinstating and affirming the trial court's judgment in favor of Parnell for the amount sued for.

Reversed and rendered.

### On Motion for Rehearing.

In order that a better understanding of the contentions here may be had, we will briefly outline the proceedings in this case in the trial court, in their chronological order:

[2] Plaintiff has filed his original petition February 28, 1921. Defendant's original answer was filed March 31, 1922. No further action was had in the case until the October term of the court, which ended December 2, 1923. During the October term the court dismissed the case for want of prosecution. There is no statement of facts in the case, but the plaintiff's bill of exception shows that during the October term of the court the plaintiff appeared in open court in person and advised the court that he had intended and did intend to prosecute said cause, and asked the court to reinstate the same and set aside the order of dismissal; that the court granted this request at that time and set the case down for a day certain in the next succeeding term of the court which convened on December 4, 1922. On December 12th of the December term, 1922, the plaintiff filed a first supplemental petition and also an affidavit, stating that the rent contract had been lost. Objection was made by defendant to the trial of the case at that time because it had been previously dismissed at the October term, and that any order reinstating it, if made, had not been entered upon the minutes. The court overruled this objection, and the case was tried to a jury, resulting in a judgment in favor of plaintiff Parnell for the amount sued for and against defendant Barron on his cross-action. On the next day, December 13, 1922, the plaintiff filed a written motion, praying the court to set aside the judgment of dismissal previously entered at the October term, and to enter an order nunc pro tunc, reinstating the case as of December 1, 1922. The court granted this motion, and it appears that the motion and the order were antedated December 12, 1922. At the December term, on January 1, 1922, the defendant Barron filed his amended motion for a new trial, in which it is asserted that the court had no jurisdiction to try the case and raising the question as to the sufficiency of the petition to sustain the judgment and challenging the action of the trial court in admitting certain evidence. On February 1, 1923, at the same term of the court, the motion for new trial was granted, the judgment upon the merits was set aside, as well as the or-

der reinstating the case, and the whole proceeding was dismissed.

The case is before us upon the following assignment of error:

"The court erred in sustaining the defendant's motion to dismiss this cause on the ground that this court had no jurisdiction of the same as shown by appellant's bill of exception No. 1."

Under this assignment the following proposition is urged:

"An order made by a court at a previous term, although there is no entry of the same upon the judge's docket, and no memorandum of such order is preserved, the judge may properly enter same nunc pro tunc upon oral testimony and his own recollection."

[3] As stated in the original opinion, we think this proposition is sound. A trial judge who has dismissed a case for want of prosecution may, at the same term, reinstate the case on plaintiff's motion, without notice to defendant. Carlton v. Miller, 2 Tex. Civ. App. 619, 21 S. W. 697; Williams v. Huling, 43 Tex. 113. The bill of exception and one of the court's many orders shows that plaintiff's motion was made orally in open court. According to this holding, the case was properly reinstated and stood for trial in its order at the succeeding term.

[4, 5] The next question to be considered is: Was the order for reinstatement properly and legally made at the December term? In addition to the cases cited in the original opinion, the following cases clearly and uniformly hold that the entry of an order or judgment may be made at a subsequent term upon the personal recollection of the trial judge who rendered such judgment or made such order; that his personal recollection must be given the dignity and force of evidence; and that he may enter such order upon his own motion: Slayden v. Palmo (Tex. Civ. App.) 90 S. W. 908; Fort Worth & Denver City Ry. Co. v. Roberts, 98 Tex. 42, 81 S. W. 25; Blum v. Neilson, 59 Tex. 379; Bradford v. Malone, 49 Tex. Civ. App. 440, 130 S. W. 1013; Owens v. Vander Stucken (Tex. Civ. App.) 133 S. W. 491; Partridge v. Wooton, 63 Tex. Civ. App. 280, 137 S. W. 412; Trotti v. Kinnear (Tex. Civ. App.) 144 S. W. 326; Moore v. Chapman (Tex. Civ. App.) 168 S. W. 7. As stated, the case was tried on December 12, 1922. On the next day plaintiff filed his written motion to reinstate the case, and said motion and the order granting it appear to have been filed on December 12th. The order reinstates the case as of December 1st, which was during the October term,

the term at which the order of dismissal was made and entered. Just why this motion and the order were dated back does not appear, and we think is immaterial, although irregular. The court had the right, according to the cases above cited, to make such order at the succeeding term. Whether made before or after a trial upon the merits is wholly immaterial. Later, as stated, the court granted defendant's motion for a new trial, set aside the judgment rendered upon the merits, and rested upon his original action dismissing the case. The only reason for so doing, as stated in the bill of exception, is that he was without jurisdiction to try the case. There is nothing in the record tending to show that he did not have jurisdiction to try the case and enter the judgment upon the merits. Upon its face, the record shows jurisdiction. In the absence of a statement of facts, showing that the court did not have jurisdiction, the proceedings in the transcript must control.

[6-9] The appellee has filed no cross-assignments of error. In his brief there is only one suggestion of fundamental error which can be considered, and that is the insufficiency of the petition to sustain a judgment for any amount based upon a written contract of lease. The original petition does not declare upon a written contract, but plaintiff's subsequent pleadings, when considered with the original petition, are sufficient in the absence of a special exception. The defendant did except because the amount due for rent was stated in a sworn account rather than a declaration in the petition as to the terms and legal effect of a written lease. As far as the record shows, all such exceptions were waived, since we find no order in the transcript overruling them. But if it be admitted that plaintiff's pleadings are insufficient, this defect has been cured by specific allegations of the making of a written lease between the defendant and Albritton, plaintiff's agent, in more than one count of the defendant's answer. The admission and exclusion of evidence does not present a question of fundamental error. This court is limited in its consideration of an appeal to such errors as are properly excepted to in the lower court, save as to fundamental errors. The assignment and proposition presented here are sufficient to call in review the error of the court in setting aside all proceedings subsequent to his order of dismissal, upon the ground that he had no jurisdiction to afterward try the case.

The motion for rehearing is therefore overruled.